No. 13570

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

WILLIAM F. BIG SPRING, SR..
and KATHLEEN R. BIG SPRING,,

        Plaintiffs and Respondents,

   -vs-

THE BLACKFEET TRIBE OF THE BLACKFEET
INDIAN RESERVATION, A Corporation,

        Defendant and Appellant.

Appeal from:  District Court of the Ninth Judicial District,
           Honorable R. D. McPhillips, Judge presiding.

Counsel of Record:

   For Appellant:

      Philip E. Roy, Browning, Montana
      Graybill, Ostrem, Warner and Crotty, Great Falls,
       Montana
      Donald Ostrem argued, Great Falls, Montana

   For Respondents:

      Frisbee and Moore, Cut Bank, Montana
      John P. Moore argued, Cut Bank, Montana

              Submitted:  October 6, 1977

                Decided:  JAN 11 1978

Filed:  JAN 11 1978

*Thomas J. Kearney*
                       Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court:

The Blackfeet Tribe of the Blackfeet Indian Reservation, appeals from a default judgment of $20,000 damages for libel entered against the Tribe by the District Court, Glacier County.

The basis for the libel action was a letter dated March 18, 1974, allegedly written by Earl Old Person, Chairman of the Blackfeet Tribe, to William F. Big Spring, Sr. and Kathleen R. Big Spring. The letter concerned the Big Springs, enrolled members of the Blackfeet Tribe, and it was sent to the Big Springs as well as to other people outside the reservation.

On March 17, 1976, the Big Springs filed a libel action against the Blackfeet Tribe. The same day, even though the Tribe had not been served with the complaint and summons and had made no appearance, the attorney for Big Springs mailed a request for admissions to the Tribe's attorney, but did not mail a copy of the summons and complaint. On March 22, 1976, the sheriff served Earl Old Persons with a copy of the summons and complaint. On April 2, Big Springs' attorney served the Tribe's attorney with a supplemental request for admissions.

The Tribe failed to appear within 20 days of the date of service. 22 days after service, on April 13, 1976, the Big Springs' attorney filed the original sheriff's return on the summons with the clerk of the district court and then made written request for the clerk to enter the Tribe's default. Default was entered the same day.

Three days after entry of default, on April 16, and without receiving notice of the default, the Tribe filed a motion to dismiss the complaint on the grounds that the court lacked juris-

- 2 -

diction over the subject matter (the libel action) and personal jurisdiction over the Tribe. The Tribe mailed a copy of its motion to dismiss to the Big Springs' attorney.

On April 20, with no notice to the Tribe, the Big Springs' attorney filed a written motion to strike the Tribe's motion to dismiss, alleging that the Tribe had no right to file such a motion or to appear after its default had been entered. No authority was cited. On April 21, the trial court granted this ex-parte motion and immediately proceeded to hear evidence on the question of liability and damages. Exhibits were introduced and witnesses were sworn and testified. The court took the matter under advisement.

On April 23, the Tribe filed a motion to set aside the default and to quash the summons and dismiss the complaint. The Tribe set out several grounds to set aside the default including that (1) service was not made on the proper person, (2) the tribal chairman had no recollection of ever being served, (3) copies of the complaint and summons could not be found, and (4) the Tribe's attorney had no way of determining the exact day of service because the original summons had not been returned to the clerk of court until the day the default was taken. The Tribe again contended the court had no jurisdiction over the subject matter and over the Tribe. The Tribe stressed that it was appearing specially and not generally.

Two hearings were held on the Tribe's motion to set aside the default and dismiss the complaint. The first hearing was the result of a notice sent by the attorney for the Big Springs on April 29 setting the hearing date for May 5. This notice was deficient under Rules 6(d) and 6(e), M.R.Civ.P., which require

a notice of at least eight days if service is made by mail. Neither the Tribe's attorney nor any of defendants were present at the hearing. (At a later hearing the Tribe's attorney sought to justify his absence at the first hearing by stating he was in Chicago at the time and had called the court after learning of the hearing date, and the trial court had agreed to a continuance. The court did not deny this.) The court then proceeded with its hearing and received evidence on the question of service of process. Nothing in the record indicates the court ruled on the Tribe's motion to set aside the default, or that a minute entry or other notice was sent to the Tribe's attorney informing him of what proceedings had taken place on that day.

On June 2, 1976, the Tribe's attorney sent notice by mail to the Big Springs' attorney setting a hearing for June 9 on the Tribe's motion to set aside the default. This notice was also deficient under Rules 6(d) and 6(e), M.R.Civ.P., but attorneys for both parties appeared at the hearing and therefore notice here is not at issue. On the date of the hearing, the attorney for the Big Springs filed a motion to quash the Tribe's motion to set aside the default on the grounds that (1) the Tribe had failed to appear at the prior hearings, (2) the Tribe had no right to make any appearances at this point, and (3) the notice was not accompanied by the motion to set aside or by an affidavit. Both attorneys presented their arguments to the court. The District Court judge stated that normally he would set aside the default when a motion or pleading was filed "within a reasonable time" after the 20 day period, such as this case, but concluded:

- 4 -

"* * * but the problem here, of course, is that
it [the motion to set aside the default] was
set for hearing and you failed to appear and argue
the motion."

The court then took the motion under advisement.

On June 29, without ruling directly on the motion to
set aside the default, the trial court entered its findings of
fact and conclusions of law and awarded the Big Springs $20,000
in damages against the Tribe. Judgment was entered July 6
and on the same day the Big Springs' attorney sent a copy of
the judgment and notice of entry of judgment to the Tribe. On
July 12, the Tribe moved to set aside the judgment. On July 21,
in a short order devoid of reasons, the trial court denied the
motion to set aside the judgment. The Tribe appeals from the
court's rulings failing to set aside the default and failing
to set aside the judgment.

On the basis of the total circumstances surrounding the
proceedings in the District Court we conclude the Tribe was
denied a meaningful opportunity to appear and be heard. The
District Court proceedings reek of a denial of due process and
the default judgment and default must be set aside.

Rule 5(f), M.R.Civ.P., states that proof of service
"shall be filed within 10 days after service. Failure to make
proof/service does not affect the validity of the service."
of
The rule, as stated, is unconditional. Here, the attorney for
the Big Springs did not return and file the summons with proof
of service until 22 days after service on Earl Old Person.
Although this late return did not affect the validity of the
service for jurisdictional purposes, it did make it difficult
for the Tribe's attorney to determine the date of service. Here
the summons was returned and filed simultaneously with a motion

to take the Tribe's default. It could well be that the failure to return the summons within the time required by the rule could have contributed to the Tribe's failure to appear within the 20 days. Lack of an opportunity to acquire this information, coupled with other circumstances, may be sufficient "good cause" to set aside a default under Rule 55(c), M.R.Civ.P., which states in part:

> "For good cause shown the court may set aside
> an entry of default * * *."

Henceforth, it shall be the duty of all process servers, be it the sheriff or private persons, to strictly comply with Rule 5(f), M.R.Civ.P. It is the duty of the process server to return the summons to the clerk of court within 10 days after service, and this duty shall only be excused under circumstances which constitute "good cause". "Good cause" shall relate only to the difficulty which the process server has in filing the papers with the appropriate clerk of court.

The Tribe finds itself in a position of not knowing why the District Court overruled its motion to set aside the default. Not only did the trial court fail to give reasons for denying the motion to set aside the default, but no ruling was directed to the Tribe's motion. The Tribe's motion was only impliedly overruled by the judgment against the Tribe. In matters of such importance the parties are entitled not only to a direct ruling from the trial court on the motion, but they are also entitled to know the reasons for the ruling. In its motion the Tribe set out substantial grounds why the default should be set aside, and since the District Court failed to discuss these grounds, we cannot uphold the rule that a judgment of the trial court comes to us as presumptively correct. We adhere to our rule that this

- 6 -

Court does not favor defaults, but rather, favors an adjudication on the merits whenever possible. Lindsey v. Keenan, (1946), 118 Mont. 312, 322, 165 P.2d 804. See also: Schwab v. Bullock's Inc., (9th Cir. 1974), 508 F.2d 353,355; 10 Wright & Miller, Federal Practice & Procedure: Civil §2681, pp. 248-251.

It follows naturally that if the default must be set aside so must the judgment. However, there are independent reasons why the default judgment must be set aside, even if the default was allowed to stand.

Once the Tribe filed its initial motion to dismiss before judgment was entered, it was entitled to notice of all subsequent proceedings, but it was denied this notice. Rule 55(b)(2), M.R.Civ.P., states in part:

> "* * * If the party against whom judgment by
> default is sought has appeared in the action,
> he (or, if appearing by representative, his
> representative) shall be served with written
> notice of the application for judgment at least
> three days prior to the hearing on such applica-
> tion. * * *"

Section 93-8505, R.C.M. 1947, also entitles a party to notice of subsequent proceedings after an "appearance" by that party. This section states in part:

> " A defendant appears in an action when he
> answers, _files a motion,_ or gives the plaintiff
> written notice of his appearance * * *."
> (Emphasis added).

Two days after default was entered, but before default judgment was taken, the Tribe filed its motion to dismiss on jurisdictional grounds. A motion to dismiss on the basis of lack of subject matter jurisdiction may be raised at any time. Rule 12(h)(3), M.R.Civ.P.; Wyand v. McCloskey & Co.,(3rd Cir. 1965), 342 F.2d 495, 497, cert. den. 382 U.S. 823, 86 S.Ct. 52, 15 L ed 2d 68; Rath Packing Co. v. Becker, (9th Cir. 1975), 530 F.2d

1295, 1303. Moreover, this Court has long held a motion attacking the complaint, as in the instant case, is sufficient to act as an appearance. Donlan v. Thompson Falls Copper & Milling Co., (1910), 42 Mont. 257, 112 P. 445.

Even though the Tribe denominated its appearance as a special one, it was still an appearance under any circumstances. Under Rule 12, M.R.Civ.P., there is no longer a distinction between general and special appearances. Under Rule 12(b) lack of jurisdiction may be asserted either in the responsive pleading or by motion; Rule 12(g) allows consolidation of Rule 12(b) defenses; and Rule 12(h)(1) requires a party to raise the defense of lack of personal jurisdiction in his initial pleading The Tribe complied with each of these rules.

Since the Tribe properly appeared, it follows that it was improper for the trial court to grant the Big Springs' ex parte motion to strike the Tribe's motion to dismiss. Once the Tribe filed its appearance the Big Springs were required to give notice to the Tribe of any opposing motion. Rule 5(a), M.R.Civ.P., provides in part:

> "* * * Except as other wise provided in these rules, every * * * written motion other than one which may be heard ex parte, and every written notice * * * and similar paper shall be served upon each of the parties. * * *"

It is clear the trial court had no procedural authority to strike the Tribe's motion to dismiss. Once the Tribe had made its appearance by filing its motion to dismiss, it was the duty of the court to require notice to the Tribe of any opposing motion. Moreover, the District Court had a duty to rule on the Tribe's motion before proceeding to judgment. Paramount Publix Corp. v. Boucher, (1933), 93 Mont. 340, 347, 19 P.2d 223.

Even assuming the District Court ruled against the Tribe on its motion to dismiss and the Tribe did not further plead within the time requirements, the Big Springs still had the duty to give at least a three day notice to the Tribe before a hearing could be held on the Big Springs' application to take judgment. Rule 55(b)(2), M.R.Civ.P. This, of course, was not done, and the Tribe had no opportunity to participate at the hearing where the trial judge heard evidence upon which the judgment was based.

These failures to give proper notice were fatal to the judgment. Under the totality of the circumstances such as exist in this case, we can see no useful purpose in setting aside the judgment only to allow the parties to relitigate the question of whether the default should be set aside. The entire proceedings were so lacking such as to constitute a denial of due process.

The trial court has not yet ruled on the issues of jurisdiction over the subject matter and personal jurisdiction over the Tribe, and we refrain from deciding these issues. Similarly, the proper test for damages in a defamation action is not properly before this Court at this time. For instructions regarding the correct basis of damages in a defamation action, however, we direct the District Court's attention to New York Times Co. v. Sullivan, (1964), 376 U.S. 254, 84 S.Ct. 710, 11 L ed 2d 686, 95 ALR2d 1412; Gertz v. Welch, (1974), 418 U.S. 323, 94 S.Ct. 2997, 41 L ed 2d 789, and related federal cases.

We vacate the default judgment and the default and remand with directions to the District Court to rule on the Tribe's

motion to dismiss and proceed further under the proper rules of civil procedure.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices.