No. 89-121

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

VIOLET LIVINGSTON,

        Plaintiff and Appellant,

    -vs-

TREASURE COUNTY, a political
subdivision of the State of
Montana,

        Defendant and Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,
            In and for the County of Yellowstone,
            The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        John J. Cavan; Cavan, Smith, Grubbs & Cavan, Billings,
        Montana

    For Respondent:

        Calvin J. Stacey; Keefer, Roybal, Hanson, Stacey &
        Walen, Billings, Montana
        Lee Kerr, Treasure County Attorney, Hysham, Montana

Submitted on Briefs: July 7, 1989

Decided: November 6, 1989

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Plaintiff Violet Livingston appeals from a judgment of the District Court of the Thirteenth Judicial District, Yellowstone County, dismissing her complaint against defendant Treasure County. We reverse and remand.

The sole issue raised on appeal is whether the District Court erred in dismissing the complaint because the return of service was not filed with the clerk of court within three years after the commencement of the action.

On November 27, 1985, plaintiff filed a complaint against defendant, alleging personal injuries due to the negligence of defendant's employees. Summons was issued on the same day.

Three years later, on November 27, 1988, plaintiff delivered the summons and complaint to the sheriff, who served defendant on that day. Plaintiff filed the summons and return with the District Court on December 20, 1988.

On December 14, 1988, defendant filed a motion to dismiss. The District Court granted the motion, concluding that under Rule 41(e), M.R.Civ.P., the action could not be prosecuted because the summons and return were not filed with the clerk of court within three years after commencement of the action. Plaintiff appealed to this Court.

At issue in this case is Rule 41(e), M.R.Civ.P., which provides in pertinent part:

> No action heretofore or hereafter commenced shall be further prosecuted as to any defendant who has not appeared in the action or been served in the action as herein provided within 3 years after the action has been commenced, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have

- 2 -

been commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have been issued within 1 year, _or unless summons issued within one year shall have been served and return made and filed with the clerk of the court within 3 years after the commencement of said action_, or unless appearance has been by the defendant or defendants therein within said 3 years. (Emphasis added.)

The literal language of the rule requires an action's dismissal if the plaintiff fails to serve the defendant _and_ file the return within three years of the commencement of the lawsuit. We do not believe, however, that such a harsh result is warranted in a case such as this, where plaintiff has served defendant on the last permissible day but has failed to file the return with the clerk of court until approximately one month after three years have elapsed.

The purpose of Rule 41(e), M.R.Civ.P., is to ensure that actions are timely prosecuted. See State ex rel. Equity Supply Co. v. District Court (1972), 159 Mont. 34, 494 P.2d 911. Indispensable to the timely prosecution of an action is the service of the summons and complaint. Service of the summons is the means by which the district court acquires personal jurisdiction over the defendant. Clinton v. Miller (1951), 124 Mont. 463, 478, 226 P.2d 487, 495; Haggerty v. Sherburne Mercantile Co. (1947), 120 Mont. 386, 392, 186 P.2d 884, 889. Service is also essential to due process as it notifies the defendant of the pendency of an action against him thereby giving him the opportunity to defend himself or his property. Clinton, 124 Mont. at 478, 226 P.2d at 495; Haggerty, 120 Mont. at 396-97, 186 P.2d at 891.

Filing the return, on the other hand, is simply a ministerial act. The return itself is merely evidence of service of the summons and complaint. Clinton, 124 Mont. at

479, 226 P.2d at 495. It is filed with the court only to document on the record the fact that service has been completed.

In this case, the plaintiff's failure to file the return neither hindered nor delayed prosecution of the action. Nor did it affect the validity of service.

We note that other rules governing proof of service provide that "[f]ailure to make proof of service does not affect the validity of the service." Rules 4D(8)(e) and 5(f), M.R.Civ.P. In Big Spring v. Blackfeet Tribe (1978), 175 Mont. 258, 573 P.2d 655, we discussed the failure to file the return within 10 days after service as mandated by Rule 5(f), M.R.Civ.P. We stated that failure to file the return within the time limits of that rule may be excused only upon a showing of good cause. Big Spring, 175 Mont. at 263, 573 P.2d at 658. The facts in the present case demonstrate that good cause has been shown.

The rules of civil procedure are to be construed in a manner that secures the just, speedy and inexpensive determination of lawsuits on their merits. Larango v. Lovely (1981), 196 Mont. 43, 47, 637 P.2d 517, 519. Summary dismissal of this lawsuit for failure to file the return is not appropriate. We conclude that it is appropriate here to excuse the failure to file the return.

The provision of Rule 41(e), M.R.Civ.P., is a departure from the federal rule on the same subject in requiring the return of service to be filed with the clerk of the court within the three-year period. See Rule 41, F.R.Civ.P. Since our objective in adopting rules of procedure is uniformity of procedural practice in Montana in state and federal practice as far as possible, this provision of our rule will be referred to the Commission on Rules of Procedure for amendment in conformity with this opinion.

Reversed and remanded to the District Court for further proceedings consistent with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

Justice R. C. McDonough dissents:

The language of the rule clearly and unequivocally requires the dismissal of lawsuits when the return of service fails to be "filed with the Clerk of Court within three years after the commencement of said action." Such words should be given their plain and ordinary meaning. Section 1-2-106, MCA, Rierson v. State (1980), 188 Mont. 522, 614 P.2d 1020.

The purpose of the rule is to allow district judges by examining the court file to dismiss actions in which proof of service has not been entered without further red tape. Dockets are cleared without delay.

The appellant has not stated or alleged any excuse or reason to invoke the equity of a court for her failure to file the return in the time frame required. In fact the situation is just the opposite. The summons was issued on the day of the filing of the action. The defendant, Treasure County, was always available for over one thousand days for service of process. Our Federal Constitution was debated and approved by the Convention, and debated and ratified by the States in less time when communication and transportation was done by horse and buggy. Yet in this case no service was made until the last day and it was incumbent on the appellant to have proof of service filed. The majority opinion fosters delay which is the opposite of just, speedy and inexpensive determination of lawsuits.

I would affirm the District Court.

_____
Justice