No. 90-209

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

GREG D. and NANCY COURCHANE,

    Plaintiffs and Appellants,

    v.

RONALD L. and SUSAN K. KUNTZ,
and FLYNN REALTY, INC., a
Montana Corporation,

    Defendants and Respondents.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Hill,
The Honorable John Warner, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        Robert D. Morrison, Morrison, Young, Melcher,
Brown & Richardson, Havre, Montana

    For Respondents:

        William Conklin, Great Falls, Montana; James
O'Brien, Missoula, Montana

Submitted on Briefs:    August 16, 1990

Decided:    October 15, 1990

FILED

OCT 15 AM 9 26

ED SMITH, CLERK
MONTANA SUPREME COURT

Filed '97

Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

Greg and Nancy Courchane appeal from the judgment of the District Court, Twelfth Judicial District, Hill County, dismissing their claims against Flynn Realty, Inc. pursuant to Rule 41(e), M.R.Civ.P. We affirm the District Court.

The sole issue raised by appellants is whether the District Court properly interpreted Rule 41(e) to prohibit the addition of a new defendant to an action more than three years after its commencement.

On February 1, 1985, Ronald and Susan Kuntz conveyed their Havre home to Greg and Nancy Courchane by warranty deed. Sometime after the sale, Courchanes discovered the sewer system of the home to be defective. Courchanes instituted an action against the Kuntzes on October 17, 1986, alleging fraud and negligent misrepresentation as to the condition of the sewer system. In the original complaint, Courchanes asserted that "prior to the conveyance of said real property the [Kuntzes], through their agent, represented to the [Courchanes] that the plumbing in the house was in good working condition . . ."

In the original complaint, Flynn Realty, Inc., and its employee, Kim Cripps, were not named as party defendants. Not until December 28, 1989, when Courchanes filed an amended complaint, was Flynn Realty joined as a party defendant. In the amended complaint, Courchanes asserted that Flynn Realty, through its salesperson, made fraudulent and negligent representations as

to the sewer condition, after failing to make any prior inquiry of the Kuntzes or other previous owners as to any sewer problems.

Flynn Realty thereupon filed its motion to dismiss pursuant to Rule 41(e), M.R.Civ.P., asserting that it was not served with summons within three years of the commencement of the action. The District Court, stating the rule to be clear and mandatory, granted Flynn Realty's motion. This appeal ensued.

Courchanes contend that Rule 41(e) should not apply as a basis for dismissal of their action against Flynn Realty in this instance. Courchanes assert they did not realize a cause of action against Flynn Realty existed until January 29, 1988, when Kuntzes answered the first of plaintiff's interrogatories. In those answers, Kuntzes admitted that no representations or instructions as to the sewer system had ever been made by Kuntzes to Flynn Realty or its employees.

Courchanes assert that until discovery revealed Flynn Realty's culpability, Courchanes could not have reasonably known that the representations were made by Flynn Realty without having made any independent investigation as to the sewer system.

Courchanes contend that Rule 41(e) applies only to parties known, and should not be applied in a situation such as this, where a party defendant was not known. Courchanes cite Livingston v. Treasure County (1989), 239 Mont. 511, 781 P.2d 1129, 1131, for the premise that "Rules of Civil Procedure are to be construed in a manner that secures the just, speedy and inexpensive determination of lawsuits on their merits." Courchanes assert that

3

it was error for the District Court to dismiss Flynn Realty on a technical point rather than to allow the action to proceed and be settled on its merits.

We do not agree with the Courchanes' reasoning. In the original complaint, Courchanes allege that the representations regarding the sewer system were made by the Kuntzes "through their agent." By this statement, it is clear that Courchanes knew the origin of the misrepresentations on October 17, 1986, the date the original complaint was filed. As soon as the sewer problems were manifested, Courchanes were put on notice that Flynn Realty, through the statements of its employee, was responsible for the misrepresentation that the plumbing was up to par. Nothing prevented Courchanes from setting forth an alternative hypothetical claim as allowed by Rule 8(e)(2), M.R.Civ.P., against Flynn Realty in the original complaint of October 17, 1986. When Courchanes became aware of their injury, they had the burden of pursuing their remedies against the person or persons responsible in a timely manner. By waiting until December 28, 1989, Courchanes were prohibited from joining an obvious party defendant in the action. Rule 41(e) reads in part:

> No action heretofore or hereafter commenced shall be further prosecuted as to any defendant who has not appeared in the action or been served in the action as herein provided within 3 years after the action has been commenced, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not . . . (Emphasis added.)

4

Flynn Realty was not served nor did it appear within 3 years of the action's commencement. To allow Flynn Realty to be joined after three years had elapsed would not have been timely, and Courchanes have not stated or alleged any legal excuse or reason to invoke the equity of a court for their failure to join Flynn Realty in the time frame required. By their own testimony, Courchanes had from the January 29, 1988 answers to interrogatories, when they claim they first discovered Flynn Realty's misrepresentations until October 17, 1989 to properly join Flynn Realty as a defendant. The District Court properly granted Flynn Realty's motion to dismiss.

Affirmed.

John C. Sheehy
_____
                Justice

We Concur:

_____
        Chief Justice

_____

_____

_____
            Justices

5