No. 93-275

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

DANIEL G. SINCLAIR,

        Plaintiff and Appellant,
          and Cross-Respondent,

   -vs-

BIG BUD MANUFACTURING COMPANY, BIG BUD
INDUSTRIES, INC., THE MEISSNER BROTHERS
PARTNERSHIP, MEISSNER TRACTORS, INC., JOE
MEISSNER, PAUL MEISSNER, BIG BUD TRACTORS,
INC., and RON HARMON, individually,

        Defendants, Respondents and
          Cross-Appellants.



FILED

DEC 14 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Twelfth Judicial District,
               In and for the County of Hill,
               The Honorable John Warner, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

         Elizabeth A. Best: Best Law Offices, Great
         Falls, Montana

      For Respondents:

         L. D. Nybo and Evan Danno; Conklin, Nybo, LeVeque &
         Murphy, Great Falls, Montana (Big Bud Industries, et
         al.)

         George N. McCabe; Jardine, Stephenson, Blewett
         & Weaver, Great Falls, Montana (Big Bud Industries,
         et al.)

                  Submitted on Briefs:  October 5, 1993

                        Decided: December 14, 1993

Filed:

—————————————————
            Clerk

Justice **Karla** M. Gray delivered the Opinion of the Court.

This case involves the application of Rule 41(e), M.R.Civ.P., which provides that an action shall not be further prosecuted unless summons is issued within one year of its commencement. We reverse the District Court's refusal to grant a motion to dismiss filed by Big Bud Industries, Inc., Meissner Brothers Partnership, Meissner Tractors, Inc., Joe Meissner, Paul Meissner, Big Bud Tractors, Inc., and Ron Harmon (collectively referred to as the non-BBMC defendants), holding that they were entitled to dismissal under Rule 41(e), M.R.Civ.P.

Daniel Sinclair (Sinclair) formed the first of many employment relationships with the various defendants in 1979. In that year, Ron Harmon, the owner of Big Bud Tractors, Inc. (BBTI), hired Sinclair as marketing manager and vice president. The corporation manufactured tractors in Havre, Montana.

In 1985, Joe and Paul Meissner, operating as Meissner Brothers Partnership, purchased the assets of BBTI. Meissner Brothers Partnership was subsequently incorporated as Meissner Tractors, Inc. (MTI). **MTI** hired Sinclair as vice president of operations in 1985. In 1986, **MTI** transferred its manufacturing operations to Big Bud Manufacturing, Inc. (later renamed Big Bud Industries, Inc.), but retained its sales and service activities. Sinclair subsequently became vice president of operations and marketing for Big Bud Manufacturing, Inc.

In 1986 and 1987, **MTI** initiated negotiations with the Chippewa-Cree Tribe of the Rocky Boy's Reservation and the

Assiniboine-Gros Ventre Tribes of the Fort Belknap Reservation to form a joint partnership. The negotiations resulted in the incorporation of Big Bud Manufacturing Company (BBMC) in 1988. MTI owned one-third of the newly-formed corporation and elected John and Paul Meissner and Ron Harmon to serve on its board.

In June of 1989, Sinclair accepted employment with BBMC as vice president and general manager. He reported to John Jollie (Jollie), BBMC's president and chief executive officer. The two men disagreed about the management of the corporation and, on March 15, 1990, Jollie fired Sinclair.

On May 31, 1990, Sinclair filed a wrongful discharge action against BBMC. Discovery was marred by BBMC's dilatory tactics and the District Court levied sanctions accordingly. BBMC subsequently became insolvent and, in April of 1991, its shareholders voted to liquidate the corporation.

Sinclair filed an amended complaint in January of 1992. He joined the non-BBMC defendants, asserting that they were liable for his wrongful discharge under theories of "piercing the corporate veil." He also asserted claims of actual fraud, tortious interference with contract, misrepresentation, and race and age discrimination.

In February of 1992, the non-BBMC defendants moved for dismissal, asserting that Sinclair had failed to have summonses issued within one year of the commencement of the action as required by Rule 41(e), M.R.Civ.P. On that basis, the non-BBMC defendants argued that they were entitled to dismissal under Rule

3

12(b) for lack of jurisdiction, insufficiency of process and insufficiency of service of process. The District Court denied the motion. The non-BBMC defendants then answered Sinclair's complaint.

In March of 1993, the District Court granted summary judgment in favor of the non-BBMC defendants. It determined that Sinclair had failed to present sufficient evidence on any of his claims to withstand summary adjudication.

Sinclair appeals from the grant of summary judgment dismissing his claims, asserting that genuine issues of material fact exist. The non-BBMC defendants cross-appeal, challenging the court's refusal to dismiss the claims under Rule 41(e), M.R.Civ.P. Because the cross-appeal issue relating to Rule 41(e), M.R.Civ.P., is dispositive, we focus on the application of that rule.

The District Court declined to dismiss the non-BBMC defendants, concluding that the last sentence of Rule 41(e), M.R.Civ.P., gave it the discretion to allow an action to proceed against defendants who appeared within three years. Our standard in reviewing a district court's conclusion of law is to determine whether the interpretation of law is correct. Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 474-5, 803 P.2d 601, 603.

Rule 41(e), M.R.Civ.P., provides as follows:

Failure to serve summons. No action heretofore or hereafter commenced shall be further prosecuted as to any defendant who has not appeared in the action or been served in the action as herein provided within 3 years after the action has been commenced, and no further proceedings shall be had therein, and <u>all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on</u>

4

> its own motion, or on the motion of **any party** interested
> therein, whether named in the complaint as a oartv or
> not, unless summons shall have been issued within 1 **year**,
> or unless summons issued within one year shall have been
> served and filed with the clerk of the court within 3
> years after the commencement of said action, or unless
> appearance has been made by the defendant or defendants
> therein within said 3 years. When more than one
> defendant has been named in an action, the action may
> within the discretion of the trial court be further
> prosecuted against any defendant who has appeared within
> 3 years, or upon whom summons which has been issued
> within 1 year has been served and filed with the clerk
> within 3 years as herein required. [Emphasis added.]

The purpose of Rule 41(e), M.R.Civ.P., is to ensure that actions are timely prosecuted. Livingston v. Treasure County (1989), 239 Mont. 511, 513, 781 P.2d 1129, 1130.

Rule 41(e), M.R.Civ.P., does not afford the District Court discretion to allow the further prosecution of Sinclair's action against the non-BBMC defendants. Phrased in mandatory language, the rule requires dismissal of an action where summons is not issued within one year of the commencement of the action. Indeed, we have previously stated that the failure to issue summons within that time frame entitles a defendant to dismissal. sooy v. Petrolane Steel Gas, Inc. (1985), 218 Mont. 418, 424, 708 P.2d 1014, 1018.

In the case before us, Sinclair filed his original complaint against BBMC on May 31, 1990. The summonses naming the non-BBMC defendants as parties were not issued until January 22, 1992, after the amended complaint was filed. Thus, they were not issued within one year of the commencement of the action as required by Rule 41(e), M.R.Civ.P., entitling the non-BBMC defendants to dismissal of the claims against them.

5

Notwithstanding the failure to issue the summonses timely, the District Court determined that it could allow the action to proceed because the non-BBMC defendants had made an appearance. It is true that an action may be further prosecuted under Rule 41(e), **M.R.Civ.P.**, if a defendant appears within three years of the commencement of the action even though summons has not been timely issued. However, the only appearance made by the non-BBMC defendants prior to the court's ruling was the Rule 12(b), M.R.Civ.P., motion to dismiss asserting the Rule 41(e), M.R.Civ.P., bar to further proceedings. Rule 41(e), M.R.Civ.P., specifically allows a party to move for dismissal of the action and requires the district court to do so if summons was not properly issued. Thus, the non-BBMC defendants' motion to dismiss does not serve as a basis for further prosecution of the action.

Sinclair advances a number of disjointed arguments purporting to demonstrate compliance with Rule 41(e), M.R.Civ.P. He apparently argues that literal compliance with the rule is not required. He relies on Livingston v. Treasure County (1989), 239 Mont. 511, 781 P.2d 1129, in which we excused the failure to file within three years the return of service that otherwise complied with Rule 41(e), M.R.Civ.P., and Sink v. Squire (1989), 236 Mont. 269, 769 P.2d 706, in which we stated that a failure to comply with all mandatory constructive service requirements would not be fatal to a district court's jurisdiction if no prejudice resulted. Neither Livingston nor Sink, however, relax the requirement that summons be issued within one year of the commencement of the action

pursuant to Rule 41(e), **M.R.Civ.P.**

Sinclair also asserts that the non-BBMC defendants were served within two years of the commencement of the lawsuit. On that basis, he argues that they had ample **time** to appear within the three-year **limit** set forth in Rule 41(e), M.R.Civ.P. This argument, however, is merely an effort to circumvent the rule's requirement that summons be issued within one year of the commencement of the action. As discussed above, failure to issue the summons timely is, in itself, fatal to further prosecution of the action.

Sinclair also argues that BBMC and the non-BBMC defendants are **"one** and the **same"** and, therefore, that the non-BBMC defendants were "actually" served or at least put on notice of the pending action with the filing of the original complaint. There is no merit to this argument. Here, the fatal flaw was the failure to timely <u>issue</u> summons naming the non-BBMC defendants as required by Rule 41(e), M.R.Civ.P.

Furthermore, we find no merit to Sinclair's **"one** and the **same"** argument even if applied to the issuance of the summons. Rule 4(c), **M.R.Civ.P.,** expressly requires summons to set forth the names of the parties. Thus, the summons naming only BBMC as a defendant does not provide a basis for the court to allow the prosecution of the action against the non-BBMC defendants, each of which is a separate legal entity or individual.

Finally, Sinclair argues that equity precludes dismissal of his claims against the non-BBMC defendants, relying on Courchane v.

7

Kountz (1990), 246 Mont. 216, 806 P.2d 12. This argument is again premised on Sinclair's assertion that the non-BBMC defendants and BBMC shared the same identity. On that basis, he contends that the non-BBMC defendants are responsible for the dilatory discovery tactics that allegedly prevented Sinclair from discovering the claims against them.

Rather than supporting Sinclair's "equity" argument, Courchane supports dismissing the non-BBMC defendants. In Courchane, we determined that plaintiffs were aware of the factual basis for joining defendants when the original complaint was filed and had the burden of pursuing their claims at that time. Thus, we found no legal reason "to invoke the equity of a court" and affirmed the dismissal of the action against the defendants who had been added in violation of Rule 41(e), M.R.Civ.P. Courchane, 806 P.2d at 14.

The record reflects that Sinclair knew of the factual basis for any claims against the non-BBMC defendants when he filed the original complaint. Those claims were based, in large part, on allegations that the Meissners formed BBMC to obtain federal funding not otherwise available and to avoid the payment of debt. Additionally, various agreements executed by BBMC and the Meissners and Ron Harmon were integral to his claims.

Sinclair served as a member of the steering committee that formed BBMC. He also routinely participated in meetings held by its interim and permanent boards of directors. The minutes of the meetings held by these entities indicate that Sinclair participated in discussions concerning BBMC's acquisition of federal funds as a

8

minority small-business enterprise and assumption of the **Meissners'** loan. Sinclair also was present when the interim board of directors voted to accept the various agreements between BBMC, the Meissners and Ron Harmon. Because Sinclair knew of the factual basis for his claims against the non-BBMC defendants when he filed the original complaint, he had the burden of pursuing his claims at that time. Thus, as in <u>Courchane,</u> equity provides no grounds for precluding the operation of Rule 41(e), M.R.Civ.P.

We conclude that the non-BBMC defendants were entitled to dismissal because summonses were not issued within one year of the commencement of the action, as required by Rule 41(e), M.R.Civ.P. Thus, we hold that the District Court erred in declining to grant their motion to dismiss. We vacate the District Court's grant of summary judgment and remand for entry of an order and judgment dismissing the claims against the non-BBMC defendants in accordance with this opinion.

Reversed.

_____
Justice

We concur:

_____
_____
_____
_____
Justices

9