JUSTICE LEAPHART,
dissenting.
I would not overrule Livingston v. Treasure County (1989), 239 Mont. 511, 781 P.2d 1129; therefore, I dissent from this Court’s opinion and would hold that the District Court erred in dismissing the Haugens’ claim for failing to file the return of service within the three-year time limit of Rule 41(e), M.R.Civ.P.
In Livingston, the Court recognized that the purpose of Rule 41(e), M.R.Civ.P, is to ensure that actions are timely prosecuted. The Court then went on to explain how service of the summons is “indispensable to the timely prosecution of an action ....” The Livingston Court also acknowledged that: “Filing the return, on the other hand, is simply a ministerial act.... It is filed with the court only to document on the record the fact that service has been completed.” The Court concluded that, “summary dismissal of this lawsuit for failure to file the return is not appropriate.’’Livingston, 781 P.2d at 1130-31. I believe that the rationale of Livingston is sound and I would not overrule that decision.
Furthermore, it is patently unfair to overrule Livingston as it applies to the Haugens. The Haugens relied on our holding in Livingston. The Court reasons that adherence to Livingston prejudices the defendant and defeats the purpose of the Rule which is to promote diligent prosecution of claims once suit is filed. I fail to see how adherence to Livingston prejudices the defendant. Here, as in Livingston, the defendant has been served with process. It is that service of process (not the filing of the return of service) that triggers subsequent procedural steps such as the filing of the answer, Rule 12(a), M.R.Civ.P, or motions to substitute a judge under §§ 3-1-804 et seq., MCA. Thus, although it can be argued that failure to serve the summons and complaint within the proper time frame hinders the diligent prosecution of claims, the same cannot be said of failure to file the return of service. Whatever prejudice to the defendant that might arise from such a failure is more than outweighed by the prejudice to the plaintiff when the rationale of Livingston is overruled and he finds that he is forever barred from litigating his claim.
*14 The majority relies on First Call, Inc. v. Capital Answering Service, Inc. (1995), 271 Mont. 425, 428, 898 P.2d 96, 97, for the proposition that this Court now follows a strict statutory interpretation of Rule 41(e), M.R.Civ.R However, First Call involved a failure to serve the summons not merely a failure to file the proof of service as in Livingston and the present case. The factual similarity between this case and Livingston gave the Haugens cause to rely on its precedent. Furthermore, although two other decisions were overruled in First Call, Livingston was not one of them. This further justifies the Haugens’ reliance on Livingston.
Additionally, the commissioner’s notes to Rule 41(e), M.R.Civ.R, state that Rule 41(e) was amended in 1993 to comport with the mandate in Livingston. In Livingston the Court directed the legislature to conform the Montana Rule to the Federal counterpart which did not require return of service within three years. At the time of Livingston, Federal Rule 4(g), F.R.Civ.P., stated that the “[f] ailure to make proof of service does not affect the validity of the service.” Although the 1993 amendment to Montana Rule 41(e), M.R.Civ.R, did not accomplish the directive set forth in Livingston, (the Rule still requires that the summons be “served and filed with the clerk” within three years) the commission comments indicate that the amendment conforms Rule 41(e) to Livingston. These comments, although incorrect, gave the Haugens all the more reason to believe that Livingston was still good law. Haugens should not be thrown out of court for having relied on our decision in Livingston.
The decision to overrule Livingston should be applied prospectively only. While “|j]udicial decisions have had retrospective operation for near a thousand years,” (citing Kuhn v. Fairmont Coal Co. (1910), 215 U.S. 349, 372, 30 S.Ct. 140, 148, 54 L.Ed. 228, 239 (Holmes, J. dissenting)) that retroactivity is based, in large part, on the fact that “[a] judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction.” Rivers v. Roadway Exp., Inc. (1994), 511 U.S. 298,_, 114 S.Ct. 1510, 1519, 128 L.Ed.2d 274, 288-89.
Retroactive application makes sense when a court is interpreting the statute for the first time, and is making a declaration of what the statute means now, as well as what it meant before the decision. However, retroactive application makes little, if no, sense when a court is overruling a prior decision which rendered an interpretation of that statute directly contrary to the present interpretation. In such circumstances, although a court may be declaring the meaning of the *15 statute for future purposes, it cannot be said that the court is now declaring what the statute meant before the present decision. On the contrary, for the seven years immediately preceding the present decision, Rule 41(e), as interpreted by this Court in Livingston, did not require that the retrun of summons be filed within the three-year time limit. The traditional justification for retroactively applying this new “authoritative statement” of the law to the Haugens is absent.
An exception to the general rule of retroactive application of judicial decisions should be invoked to prevent manifest injustice when, as here, a plaintiff is denied his day in court for having relied on judicial interpretations of procedural rules.
The United States Supreme Court has recognized that the general rules of prospective and retrospective application of statutes and administrative rules may be suspended where injustice would be worked by their application in a particular case. See Thorpe v. Housing Authority of Durham (1969), 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (recognizing an exception to the rule that appellate courts must apply the law in effect at the time it renders its decision to prevent manifest injustice); Landgraf v. USI Film Products (1994), 511 U.S. 244,_, 114 S.Ct. 1483, 1502 n.29, 128 L.Ed.2d 229, 258 n.29 (recognizing a “common-sense” exception to retroactive application of procedural rules, even those explicitly requiring retroactive application, so as not to work injustice, as in the case where “[a] new [procedural] rule concerning the filing of complaints would not govern an action in which the complaint had already been properly filed under the old regime ...”).
The Haugens understandably relied on the “old regime,” that is, this Court’s interpretation of Rule 41(e) in Livingston and, as a result, were denied the opportunity to present their case before a tribunal of this state. To avoid this injustice suffered by the Haugens, this Court should invoke an exception to the general rule of retroactive application of judicial precedents and apply this decision prospectively only.
JUSTICE TRIEWEILER and JUSTICE HUNT join in the foregoing dissent.