JUSTICE TRIEWEILER
dissenting.
I concur completely with the dissenting opinion authored by Justice Leaphart.
I write separately to respond to the majority’s observation that its result is justified by its analysis of prior case law. If it was this Court which erred in Livingston v. Treasure County (1989), 239 Mont. 511, *16 781 P.2d 1129, where is it written that these litigants must suffer the consequences of its mistake?
To me, the issue presented in this case is not what “authority” this Court has, based on what prior cases said under different factual situations about the retroactive application of judicial decisions. The issue presented in this case relates to simple notions of fairness, common sense, and respect for the members of the legal profession. The majority opinion shows a total disregard for any of these concerns.
In the past, this Court has told attorneys that although service of the summons and complaint must be completed within three years from the date on which a complaint is filed, filing proof of that service is a mere ministerial act, and failure to accomplish filing of that document within three years does not require dismissal of the complaint. Livingston, 239 Mont. at 513, 781 P.2d at 1130-31. Attorneys who understand this Court’s role in fashioning rules of civil procedure, as well as its responsibility for interpreting them, had every bit as much reason to rely on that decision as they did on the literal language of Rule 41(e), M.R.Civ.P. Indeed, this same majority would be disappointed to learn that its decisions were ignored by the legal profession.
Now, without the prior notice that the majority considers so important before even the most trivial amendment to the rules of procedure, the majority concludes that this Court was wrong when it decided Livingston.
The majority says to practicing attorneys that if you relied on what we said in that case, it is too bad for you. Your client is out of court with no recourse. The merits of your client’s case make no difference to us.
No amount of pontification by the majority about retroactive application of judicial decisions can disguise its callous disregard for the rights of the litigants in this case. Cutting through the legal mumbo-jumbo in the majority opinion, the practical effect of its decision is simply indefensible based on any notions of fairness, common sense, or respect for the legal profession.
According to the majority opinion, this Court previously misled attorneys by its decision in Livingston, and although we normally expect our opinions to be followed by the legal profession, it is too bad for them if they followed that decision. If private individuals engaged in similar conduct, we would be quick to invoke principles of estoppel to prevent the same injustice that has occurred in this case. It is disappointing, to say the least, that this Court demands less of itself *17 than it expects from private citizens in the conduct of their private affairs.
Equally disturbing is the intellectual detachment from reality represented by Justice Nelson’s concurring opinion. It suggests that the majority does not have the foggiest notion what this case is really about. It speaks of one party disregarding rules “at the expense of the other party.” It talks about “tactical advantages.” It proclaims the need to “level the playing field,” and “move a lawsuit forward.” It never does explain, however, just exactly what the sheriff’s return of service has to do with any of these lofty goals.
For the majority’s information, what we are talking about in this case is simply the time at which the affidavit of a process server is filed with the clerk of court. The affidavit serves absolutely no practical purpose unless at some point in the future some party disputes having been served with process. The failure to file it prejudices no one and provides neither party with a tactical advantage. The date on which the affidavit is filed has nothing to do with the progress of litigation. In fact, if the affidavit is never filed it would make absolutely no difference to anyone.
What we are talking about in this case is the ultimate example of exalting form over substance. However, what is particularly offensive about the majority’s purely intellectual exercise is that it comes at the expense of innocent people who were previously misled by the majority to believe that what they did was okay. The author of the majority opinion can excoriate the plaintiffs and their attorney as vitriolically as he wants, but cannot change the fact that they did exactly what they were told by this Court they could do. In all of the author’s hyperbole, there is no mention of right and wrong.
If the sanctimonious approach represented by the concurring opinion is what “real law” is all about, then this Justice would rather “rule from the gut.” However, if it is any comfort to the author of the majority opinion, I doubt that this Court’s decision regarding return of service will generate much interest from the press, or from anyone else, other than the parties affected.
For these reasons, in addition to those expressed in Justice Leaphart’s dissenting opinion, I dissent from the majority opinion.
JUSTICE HUNT joins in the foregoing dissenting opinion.