No. 00-461

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 159N

IRENE S. ATRAQCHI,

Plaintiff and Appellant,

v.

VIRGINIA GEORGE,

Defendant and Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Irene S. Atraqchi, Washington, DC (*pro se*)

For Respondent:

Virginia George, Fremont, California

Submitted on Appellant's Brief: April 26, 2001
Decided: August 14, 2001

Filed:

_____

Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Appellant Irene S. Atraqchi (Atraqchi) appeals the District Court's dismissal of her cause of action to set aside a fraudulent intra-family transfer under the Uniform Fraudulent Conveyance Act. Atraqchi failed to properly serve the Summons and Complaint on Defendant Virginia George (George), and no action was taken in prosecution of the case for a period of over one year. The District Court dismissed for failure to prosecute. Atraqchi appeals. We affirm.

## ISSUE

¶3 The issue on appeal is whether the District Court erred in dismissing Atraqchi's cause of action for failure to prosecute.

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 Atraqchi filed an initial complaint on June 16, 1998, against Defendants Julia Vermandel and Virginia George, simultaneously with a Petition for Leave to Proceed *In Forma Pauperis*. On July 6, 1998, she amended her complaint to name only Virginia George as Defendant. The complaint sought to set aside a fraudulent intra-family transfer under the Uniform Fraudulent Conveyance Act. Mont. Code Ann., § 31-2-333 (1999). In addition to the Complaint and Amended Complaint, Atraqchi quickly filed numerous motions, briefs and interrogatories, none of which evoked a response or reply from George.

¶5 Atraqchi attempted to serve notice of both the initial Complaint and the Amended Complaint on George by U.S. mail, as allowed under Rule 4D, M.R.Civ.P. While Rule 4D specifies allowable service through the use of first class mail, provided an acknowledgment of service is signed and returned by the party being served, Atraqchi indicated by Affidavit that she had sent both the initial and amended summons and complaint packages by certified mail/return receipt requested. George signed and returned both return receipts but did not sign and return the acknowledgment forms as required by Rule 4D.

¶6 Upon George's failure to return the completed and signed acknowledgment forms within twenty days after the mailing date of the summons and complaint, Atraqchi did not attempt to serve George through a process server, or by any other means allowed under Rule 4D. Instead, on September 28, 1998, Atraqchi filed a Motion for Substituted Service of Summons and Complaint in the Manner Prescribed by State Law, arguing that because she could not afford to pay a process server and was pursuing this matter *in forma pauperis*, the manner in which she had already provided notice to George should be allowed. Subsequently, on October 22, 1998, Atraqchi filed an Application for Service of Process by U.S. Marshal Service, seeking appointment by the court of the U.S. Marshal Service to serve the summons and complaint.

¶7 On November 5, 1998, the District Court denied Atraqchi's Motion for Substituted Service on the grounds that Montana law does not authorize service of a Complaint and Summons to be made by certified mail. The District Court did not address Atraqchi's Application for Service of Process by U.S. Marshal Service, but did encourage her to attempt service by other authorized methods. Atraqchi made no such attempts.

¶8 Atraqchi filed no further pleadings with the District Court after the entry of the November 5 Order. Therefore, on May 1, 2000, pursuant to Montana Thirteenth Judicial District Court Rule 9, the District Court issued Notice that the cause of action would be dismissed for failure to prosecute unless, within ten days, good cause was shown why the action should continue. Atraqchi filed two Replies to the Notice to dismiss, neither of them timely. In the first Reply dated May 16, 2000, she merely requested that the cause of action not be dismissed because she was unable to serve the Summons and Complaint by private server. In the second Reply dated May 22, 2000, she requested a continuance because she could not find George.

¶9 On May 22, 2000, the District Court dismissed the cause of action for failure to

prosecute. On June 2, 2000, Atraqchi filed a Notice of Appeal. On June 19, the District Court filed an Order and Memorandum Denying [Atraqchi's] Notice of Appeal *in forma pauperis,* stating that because Atraqchi had failed to properly serve George in accordance with Montana Rules of Civil Procedure, no prosecution had occurred for over one year and the case was properly dismissed.

## STANDARD OF REVIEW

¶10 In reviewing a district court's conclusions of law, we determine whether the district court's interpretation of law is correct. *Sinclair v. Big Bud Mfg. Co*. (1993), 262 Mont. 363, 366, 865 P.2d 264, 266; *Steer, Inc. v. Dept. of Revenue* (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603.

## DISCUSSION

¶11 Thirteenth Judicial District Court Rule 9, upon which the District Court based its dismissal of the cause of action for failure to prosecute, states:

> When no proceedings have been taken in any civil cause for a period of one year, the action will be dismissed on its merits and/or the file closed by the Court on its own motion after ten (10) days notice of such intended dismissal unless good cause to the contrary is shown.

¶12 After the issuance of the November 5, 1998 Order denying Atraqchi's motion for substituted service, Atraqchi ceased actively attempting to prosecute this case. No filings in the matter occurred for over one year. Moreover, for proceedings to go forward, the District Court must have jurisdiction over the parties. Personal jurisdiction may be obtained only through strict compliance with Rule 4D, M.R.Civ.P., which governs service of process. A plaintiff may serve a competent adult by sending a summons, complaint, and notice and acknowledgment of service through the mail, **provided the defendant signs and returns the notice and acknowledgment form**.(emphasis provided) Rule 4D(1)(b), M.R.Civ.P. *Blaskovich v. Blaskovich* (1991), 249 Mont. 248, 250, 815 P.2d 581, 582. Here, the defendant did not sign and return the acknowledgment, and therefore service by mail was never properly completed.

¶13 Atraqchi failed to serve the summons and complaint on George in a manner compliant with Rule 4, M.R.Civ.P. Upon being advised by the District Court she must accomplish

service in accordance with the rules, she failed to do so. Moreover, she filed nothing in the case for over a year. Given Atraqchi's failure to continue prosecution attempts, under the clear language of Rule 9, the cause of action was rightly dismissed for failure to prosecute.

¶14 The decision of the District Court is therefore affirmed.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ JIM RICE