JUSTICE RICE,
concurring.
¶27 While I agree with the Court’s decision to affirm the District Court, I would do so on the basis that M. R. Civ. P. 4E does not allow a District Court the discretion to enlarge the time period for service of process, regardless of whether excusable neglect is shown. I would not reach Issue 2.
¶28 In my view, the District Court properly relied on our previous case law construing former M .R. Civ. P. 41(e) in reaching its conclusion. The language of Rule 4E is clear and unambiguous, providing that “[a] plaintiff shall have 3 years after filing a complaint to have a summons issued and accomplish service.” The language of Rule 41(e) was equally clear, stating that all actions “shall be dismissed by the court... unless *243 summons issued within one year shall have been served and filed with the clerk of the court within three years after the commencement of said action.” There is no substantive difference between the time period required for service under Rule 4E and former Rule 41(e), or with the mandatory language requiring service of the summons. I therefore believe the District Court was correct to rely on our case law which clearly prohibited enlargement of the time period for service of process under former Rule 41(e). See Otto, ¶ 20; Janow, ¶ 15; Sinclair v. Big Bud Mfg. Co., 262 Mont. 363, 367, 865 P.2d 264, 266-67 (1993). Neither rule provided discretion to enlarge the three-year time period for purposes of “excusable neglect.”
¶29 The Rules of Civil Procedure are meant to be construed to secure the just, speedy and inexpensive determination of every action. Larango v. Lovely, 196 Mont. 43, 47, 637 P.2d 517, 519 (1981) (citing M. R. Civ. P. 1).Permitting a plaintiff to seek relief from the three-year time period set forth in Rule 4E for service of process “is prejudicial to the defendant and defeats the purpose of the Rule which is to promote the diligent prosecution of claims once suit is filed.” Haugen v. Blaine Bank of Mont., 279 Mont. 1, 6, 926 P.2d 1364, 1367 (1996).
¶30 The Advisory Commission on Rules could have recommended an exception to the time rule, and this Court could have adopted one. Neither did. Instead of honoring that process and our case law, the Court reads an excusable neglect exception into Rule 4E by linking Rule 4E to Rule 6(b). However, Rule 6(b) existed when this Court interpreted the “plain language” of Rule 41(e), likewise not referenced by Rule 6(b), to contain mandatory limits on the time for service of process. We adhered to this holding unequivocally, repeatedly and expressly declining to create an excusable neglect exception to the time limits for service of process under Rule 41(e). Otto, ¶ 20; Janow, ¶ 15. The Court offers no reason why our case law on this identical question should not be honored, nor any reason why the process of adopting Rule 4E should not be honored.
CHIEF JUSTICE GRAY and JUSTICE NELSON join the concurrence of JUSTICE RICE.