No. 81-123

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

_____

LOLA MAE LARANGO, et al.,

Plaintiffs and Appellants,

-vs-

KENNETH LOVELY,

Defendant and Respondent.

_____

Appeal from: District Court of the Sixth Judicial District,
In and for the County of Park, The Honorable
Jack D. Shanstrom, Judge presiding.

Counsel of Record:

For Appellant:

Robert J. Sewell, Jr., Smith Law Firm,
Helena, Montana

For Respondent:

Joseph T. Swindlehurst; Huppert & Swindlehurst,
Livingston, Montana

_____

Submitted on Briefs: September 17, 1981

Decided: December 9, 1981

Filed: DEC - 9 1981

Thomas J. Kearney
_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Appellants brought suit in the Sixth Judicial District, Park County, Montana, alleging that the respondent negligently performed his duties as executor of the estate of which the appellants are distributees. Upon motion of the respondent, the district judge quashed the summons and dismissed the suit. We reverse.

Lola Mae Swandal died testate on November 8, 1974. Her will was admitted to probate on November 26, 1974, and Kenneth Lovely, respondent herein, was named executor of the estate. Various portions of four sections of land were included in the estate. Oil leases involving the land in these four sections had been executed prior to the death of the testatrix. On July 15, 1975, the property in one of the sections was sold by Lovely in his capacity as executor. The District Court order confirming the sale stated that the property was sold "with the tenements, hereditaments and appurtenances thereto." The property in another of the sections was sold in August, 1975. The court's order confirming that sale included a legal description of the property which contained the words "Excepting therefrom One-half of the existing oil, gas, hydrothermal and mineral rights." These words were inked out, and the deletion was initialed by the judge. A statement of account for first and final distribution was filed by Lovely on August 28, 1975. The schedule of assets attached to the statement of account included a recital of oil leases on and mineral rights reserved from the land in all four sections. The District Court issued its decree of settlement of final account and distribution

of estate on September 23, 1975. Each of the distributees received a fractional interest in the oil and mineral rights to the land in all four sections. Lovely was discharged as executor on March 2, 1976.

On December 7, 1976, Lovely filed a petition to reopen the estate and amend the decree of settlement of final distribution. Lovely alleged that the decree inadvertently distributed the mineral rights to the two tracts of land which had been sold. Hearing on this petition was had on July 19, 1977. The distributees of the Swandal estate resisted the petition, but on July 29, 1977, the District Court filed an amended decree of distribution. The amended decree reflected the conveyance of the mineral rights to the purchasers of the two tracts of land. The distributees were sent notice of entry of judgment and appealed from the judgment on September 1, 1977. The matter was finally submitted to this Court on September 21, 1978. On November 27, 1978, in Matter of Estate of Swandal (1978), _____ Mont. _____, 587 P.2d 368, 35 St.Rep. 1716, this Court reversed the amendatory action of the District Court. We held that the mineral rights attendant to the two tracts conveyed by the executor were not part of the estate and not susceptible to distribution to anyone. The case was remanded to the District Court for amendment of the decree by an order nunc pro tunc to except the mineral rights previously conveyed.

The distributees had retained attorney McKinley Anderson to represent them in the proceedings outlined above. During the pendency of the appeal in Matter of the Estate of Swandal, attorney Anderson prepared a civil complaint in behalf of the distributees. The plaintiffs were Mabel Louise Easton, Dorothy Ellen Larango, Lola Mae Larango, John Emery Swandal

(deceased), Dorothy Hunt (representing minor heirs Shari Swandal and John Swandal), and Susan Denise Swandal. Gordon Francis Swandal, although omitted from the caption of the complaint, was included in the body of the complaint as an heir of Lola Mae Swandal. Kenneth Lovely was sued as personal representative of Lola Mae Swandal (deceased). The complaint alleged that Lovely had been instructed that no oil or mineral rights were to be conveyed when property of the estate was sold, but, despite this instruction, Lovely negligently allowed the conveyance of oil and mineral interests held by the estate. The complaint was filed on May 8, 1978, and a summons issued that same day to the plaintiffs' attorney. That attorney, McKinley Anderson, was replaced by the plaintiffs' present counsel, Robert Sewell, in October, 1978.

On May 17, 1979, Sewell obtained service of the summons which had been issued on May 8, 1978. Before Sewell obtained service of this summons, he altered it in several respects. Sewell's name was substituted for that of the former attorney, Anderson; John Emery Swandal (deceased) was deleted as a plaintiff; Dorothy E. Hunt, guardian of Shari L. Swandal and John P. Swandal, minors, was substituted for Dorothy Hunt, representing minor heirs Shari Swandal and John Swandal; Gordon Swandal was added as a plaintiff. These changes were made without leave of court. On May 18, 1979, an amended complaint was filed. The amended complaint showed the same changes in plaintiffs and attorneys as the "amended" summons. The amended complaint added allegations that Lovely had failed to account for a grain crop growing on one of the tracts which had been sold and had paid personal representative

fees and attorney fees in excess of the amount allowed by statute. Although the amended complaint named Kenneth Lovely, personally, as defendant, this change was not made on the altered summons. The summons still listed the defendant as Kenneth Lovely, as the personal representative of Lola Mae Swandal (deceased).

On June 6, 1979, the defendant moved to quash the summons because it had been materially altered since the date of issuance. Hearing on the motion was had on June 29, 1979, but the District Court did not issue its order quashing the summons as issued and altered until December 11, 1979. Attorney Sewell has his office in Lewis and Clark County, and a copy of the order quashing summons was not deposited in the mail to be delivered to him until February 29, 1980. The copy was delivered to Sewell on March 3, 1980. Back on December 11, 1979, Sewell had filed a motion to amend the summons. On March 6, 1980, Sewell mailed a motion to reconsider the order quashing summons to the clerk of court; this motion was filed by the clerk on March 20, 1980. On June 23, 1980, an amended complaint was served upon Lovely, together with a new summons on that complaint. Lovely responded on July 7, 1980, with a motion to dismiss the complaint on the ground that the summons was not issued within one year of May 8, 1978, the date upon which the original complaint was filed. On July 15, Sewell again moved the court to reconsider its order quashing summons or to allow amendment. July 15 was also the date for the hearing on Lovely's motion to dismiss. On January 27, 1981, the District Court issued its order granting Lovely's motion to dismiss. The plaintiffs appealed.

Appellants have raised three issues in this appeal.

However, after review of all three issues, we find that the case can be resolved by addressing the central question: Did the District Court abuse its discretion by refusing to allow amendment of the summons?

The respondent is correct in asserting that the power to issue a summons lies exclusively with the clerk of court. Rule 4C(1), M.R.Civ.P.; Kramer v. Scientific Control Corp. (D.C. Pa. 1973), 365 F.Supp. 780; 2 Moore's Federal Practice ¶4.04 (2d ed. 1981). An attorney has no power in the matter. The attorney can only request that the summons be issued to him or her, Rule 4C(1), M.R.Civ.P., or move the court to have the summons amended. Rule 4D(7), M.R.Civ.P. The attorney in this matter was without authority to alter the summons without leave of court. Nevertheless, once leave was requested, the District Court should have allowed amendment.

The Montana Rules of Civil Procedure are to be construed to secure the just, speedy and inexpensive determination of cases, Rule 1, M.R.Civ.P., and to facilitate the decision of cases on their merits. Rambur v. Diehl Lumber Company (1964), 144 Mont. 84, 394 P.2d 745. This Court has stated that ". . . it is to be considered a serious matter when a party moves to have a case disposed of on grounds other than the merits." Rambur, 144 Mont. at 90, 394 P.2d at 749. When the District Court quashed the May 8, 1978 summons on the ground that it had been altered without leave of court, failed to rule upon the motion to reconsider its quashing of the summons, and failed to rule upon the motion to allow amendment of the summons, Rule 41(e), M.R.Civ.P. was brought into play. That rule prohibits the further prosecution of an action if a summons has not been issued within one year of commencement of the action. Lovely invoked Rule 41(e) in

his motion to dismiss. The passage of time precluded the effective issuance of a new summons, and the case was dismissed. So, after four years of litigation and two reviews by this Court, the merits of this controversy are yet to be considered.

The District Court has the power "[a]t any time, in its discretion, and upon such notice and terms as it deems just, . . . [to] allow any process or proof of service thereof to be amended unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued." Rule 4D(7), M.R.Civ.P. The record lacks any indication that material prejudice to the substantial rights of Kenneth Lovely would have resulted from allowing a Rule 4D(7) amendment of the summons. One of the functions of a summons is to give notice. Amendment of the May 8, 1978, summons to reflect the minor changes contained in the amended complaint of May 18, 1979, would have given Lovely a somewhat more accurate picture of the action brought against him. Amendment would have aided Lovely; it would not have prejudiced him. The District Court abused its discretion by not allowing amendment. The order of dismissal is reversed. The cause is remanded for amendment of the summons and amendment of proof of service. Issuance and service of the summons shall relate back to the original dates of issuance and service, to insure that this case is not dismissed for failure to comply with the time requirements of Rule 41(e), M.R.Civ.P.

Reversed and remanded.

Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices