No. 86-121

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

ASSOCIATION OF UNIT OWNERS OF THE
DEER LODGE CONDOMINIUM; LARRY BURNSIDE;
MARY BURNSIDE; MEL'S REMODELING, INC.;
ROBERT FOUSIGNANT; GERALD TEREICH;
CAROLYN TEREICH; BRUCE J. HEDBLOOM;
EMIL ESCHENBURG; DOLLY ESCHENBURG;
RAYMOND D. RYAN; ERNEST M. SCHEWCHUK;
MAURICE LOBE; MURRAY B. STEVENS; W.
KEITH STINSON, et al.,

            Plaintiffs and Appellants,

    -vs-

BIG SKY OF MONTANA, INC.; BIG SKY OF MONTANA
REALTY, INC.; BOYNE USA, INC.; CHRYSLER
REALTY CORP; THOMAS & CO (GENERAL ELECTRIC
PENSION TRUST); MERIDIAN INVESTING & DEVELOP-
MENT CORP; CONTINTNTAL OIL CO.; THE MONTANA
POWER CO.; ST. LOUIS and KANSAS CITY LAND CO.
(BURLINGTON NORTHERN, INC.); NORTHWEST AIRLINES,
INC., et al.,

            Defendants and Respondents.

APPEAL FROM:  District Court of the Fifth Judicial District,
              In and for the County of Madison,
              The Honorable Frank Davis, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:
            Berg, Coil, Stokes & Tollefsen; Michael C. Coil argued,
            Bozeman, Montana

        For Respondents:
            Boone, Karlberg & Haddon; Sam E. Haddon argued for
            Chrysler Realty, Missoula, Montana
            Jerry Ashby, Houston, Texas
            Rockwood Brown argued for GE & BN, Billings, Montana
            Poore, Roth & Robinson; Urban Roth argued for Conoco,
            Butte, Montana
            Patrick Fleming argued for MPC, Butte, Montana
            Loble & Pauly; Thomas Hopgood argued for Northwest
            Airlines, Helena, Montana
            John Bobinski, Dept. of Administration, Helena, Montana
            Moulton Law Firm, Billings, Montana
            Corette, Smith, Pohlman & Allen, Butte, Montana
            Schulz, Davis & Warren; John S. Warren, Dillon,
            Montana

                            Submitted:  October 21, 1986
                            Decided:   November 24, 1986

Filed:   NOV 24 1986

_____
                  Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Association of Unit Owners of the Deer Lodge Condominiums and others (owners) brought an action to recover damages resulting from a fire that occurred in Deer Lodge Condominiums located at Big Sky, Montana. The District Court for Madison County, Fifth Judicial District, granted the motions to dismiss of six defendants pursuant to Rule 41(e), M.R.Civ.P. (Rule 41(e)), on the grounds that there was a failure to comply with the rule as to service of process. We affirm in part and reverse in part.

The issues are:

1. Did the District Court err by granting the defendants' motions to dismiss based on Rule 41(e), M.R.Civ.P.?

2. Did the District Court err when it denied owners' motion to amend the original and duplicate summons?

3. Did the District Court err by not granting owners additional time within which to file their brief opposing the motion to dismiss of Burlington Northern?

On January 18, 1983, owners filed a complaint naming each of the defendants in this action. No summons was issued at that time. On February 18, 1983, owners filed a first amended complaint and issued a summons captioned "Association of Unit Owners of the Deer Lodge Condominium, et al, Plaintiffs, versus Big Sky of Montana, Inc., et al., Defendants." The summons did not otherwise name any other defendant. Service was made on four defendants who are not involved in this present appeal. Service of the February 18, 1983 summons was not made on Continental Oil Company (Conoco), St. Louis and Kansas City Land Company (Burlington Northern), Northwest Airlines, Inc. (Northwest), Chrysler Realty

2

Corporation (Chrysler), Montana Power Company (Montana Power), and Thomas and Company (General Electric), who are the respondents in this action. The amended complaint in its caption listed all of the plaintiffs and all of the defendants.

In May 1984, about 15 months after the original summons was issued, a number of additional summons were issued which were marked "duplicate summons" and these summons were served on Conoco, Burlington Northern, Northwest Airlines, Montana Power Company, and General Electric. As an example, the caption of the "duplicate summons" served on Burlington Northern read: "Association of Unit Owners of the Deer Lodge Condominium, et al., Plaintiffs, versus Burlington Northern; et al, Defendants." Chrysler was served with a "duplicate summons" on August 21, 1984. Because the appearance of each of the defendants is so important, a brief summary of their appearances and relevant court order dates after they were served is presented.

Burlington Northern

| | |
|---|---|
| June 14, 1984: | Burlington Northern filed its motion to dismiss raising Rule 41(e) and supporting memorandum. |
| July 9, 1984: | Burlington Northern dismissed from suit. |

Chrysler

| | |
|---|---|
| October 5, 1984: M.R.Civ.P. | Chrysler appeared by Rule 12(b) (Rule 12(b)), motion and moved for change of place of trial and moved to dismiss for failure to comply with Rule 41(e). |
| August 6, 1985: | Chrysler dismissed from suit. |

3

## Conoco

June 11, 1984:      Conoco moved to dismiss not raising Rule 41(e) and at the same time asked for additional briefing time to August 17, 1984.

June 20, 1984:      Conoco's motion to dismiss was denied.

July 23, 1984:      Conoco filed a motion to rescind the order denying the motion to dismiss.

August 2, 1984:      Court order granting Conoco's motion to rescind the court's previous order denying its motion to dismiss was granted and Conoco was given until August 17, 1984 to file and serve its brief in support of its motion to dismiss.

August 20, 1984:      Conoco filed a brief raising Rule 41(e) without having filed a motion to dismiss on that ground.

July 9, 1985:      Conoco dismissed from suit.

## Northwest

July 31, 1984:      Northwest filed motion to dismiss and supporting brief not raising Rule 41(e).

August 17, 1984:      Without court authorization, Northwest filed an amended motion to dismiss raising Rule 41(e).

July 9, 1985:      Northwest dismissed from suit.

## General Electric

June 11, 1984:      General Electric filed a general motion to dismiss not raising Rule 41(e).

July 23, 1984:      General Electric moved the court for additional time to file a memorandum in support of its motion to dismiss.

4

August 2, 1984:    Additional time granted.

October 31, 1984:  General Electric filed its memorandum. Without court authorization, it also filed an amended motion to dismiss raising Rule 41(e).

July 9, 1985:      General Electric dismissed from suit.

Montana Power Company

June 8, 1984:      Montana Power Company filed a motion to dismiss not raising Rule 41(e).

August 20, 1984:   Without court authorization, Montana Power Company filed an amended motion raising Rule 41(e) with supporting memorandum and affidavit.

July 9, 1985:      Montana Power Company dismissed from suit.

Owners resisted the above motions to dismiss with their own motions and briefs. On October 22, 1984, owners filed a motion for leave to amend the summons and to correct the variations in the date of issuance shown on the original summons and the duplicate summons. The District Court heard oral argument on all the foregoing motions and on July 9, 1985, granted the motions to dismiss of Burlington Northern, Conoco, Northwest, General Electric, and Montana Power ". . . for the reason that there was a fatal failure of Plaintiffs to comply with the rule as to service of process." The District Court also denied owners' motion for leave to amend the summons. On July 17, 1985, the court granted Chrysler's motion to dismiss.

I

Did the District Court err by granting the defendants' motion to dismiss based on Rule 41(e), M.R.Civ.P.?

5

The District Court dismissed the six defendants involved in this appeal based upon Rule 41(e), M.R.Civ.P., which provides:

> No action heretofore or hereafter commenced shall be further prosecuted as to any defendant who has not appeared in the action or been served in the action as herein provided within 3 years after the action has been commenced, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have been issued within 1 year, or unless summons issued within one year shall have been served and return made and filed with the clerk of the court within 3 years after the commencement of said action, or unless appearance has been made by the defendant or defendants therein within said 3 years. When more than one defendant has been named in an action, the action may within the discretion of the trial court be further prosecuted against any defendant who has appeared within 3 years, or upon whom summons which has been issued within 1 year has been served and return made and filed with the clerk within 3 years as herein required.

The six defendants contend that because the original summons dated February 18, 1983, failed to name any of them, and because the so called duplicate summons were not issued until more than one year after the commencement of the action, each of the six defendants should be dismissed from the suit. The record shows that the duplicate summons served upon each of these six defendants were issued more than one year after the commencement of the action and the filing of the first amended complaint. Our rules do not contain a provision for the issuance of a "duplicate" summons. We disregard that terminology in the title of the summons, and conclude that the service of such a summons fails to meet the requirements of Rule 41(e), M.R.Civ.P., which requires that the summons be issued within one year after the commencement of the action. We are not able to relate the actual service

6

back to the summons properly issued on February 18, 1983, because that summons failed to name any of the six defendants in its caption or anywhere else in the summons. As a result, that summons would have been inadequate to give notice to these six defendants because of the absence of the defendants' names in the summons. We therefore affirm the conclusion of the District Court that the attempted service on Burlington Northern, Chrysler, Conoco, Northwest, General Electric, and Montana Power was insufficient under Rule 41(e), M.R.Civ.P.

We now must determine if the appearances of each of these six defendants are sufficient to constitute a waiver of the insufficiency of service of process defense. Rule 12(h)(1), M.R.Civ.P., contains the following provisions with regard to waiver of the insufficiency of service of process defense:

> (1)   A defense of lack of jurisdiction over the person, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

Rule 12(g), M.R.Civ.P., referred to in the above quotation states in pertinent part:

> . . . If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted, . . .

A number of the initial motions filed by the six defendants were motions to dismiss for failure to state a claim upon which relief can be granted as provided for under Rule 12(b), M.R.Civ.P.

7

In substance, the foregoing rules require that if a defendant makes a motion to dismiss for failure to state a claim upon which relief can be granted, or any other motion under the provisions of Rule 12, he must raise a contention of insufficiency of service of process in that first motion or the objection is waived. The purpose of Rule 12(b), M.R.Civ.P., "is to afford an easy method for the presentation of defenses but at the same time prevent their use for purposes of delay." 2A J. Moore, Moore's Federal Practice ¶ 12.02 (1985). As appears from the foregoing summary, several of these defendants made an initial motion to dismiss for failure to state a claim upon which relief could be granted and failed to make any reference to the insufficiency of service in the original motion. Thereafter, some of the defendants filed amended motions without the permission of the District Court raising the Rule 41(e) question on insufficiency of service. Regarding the amendments of motions, 2A J. Moore, Moore's Federal Practice ¶ 7.05 (1985) states:

> Where the rules require a motion to be made within a specified time, may a timely motion be amended after expiration of that period to state new grounds? The prevailing view is that the purpose of the time limitation would be defeated if a party could file a skeleton motion and later fill it out, possibly adding new grounds. (Citing Martinez v. Trainor (7th Cir. 1977), 556 F.2d 818.)

We agree with the rationale behind the prevailing view stated above. However, as Wright and Miller point out, the ability to amend a motion should be left to the discretion of the trial judge, and his ability to deny leave to amend when he believes the amendment process is being abused provides a sufficient safety valve. Wright and Miller Federal Practice and Procedure § 1194 (1986 Supplement). We hold that prior

approval of the District Court is a prerequisite to the proper filing of an amended Rule 12(b) motion.

In this case, both Burlington Northern and Chrysler raised the insufficiency of service of process defense under Rule 41(e) in their initial motions to dismiss. We conclude that they raised the Rule 41(e) defense in their first motion as required by Rule 12, and further conclude that the District Court properly dismissed Burlington Northern and Chrysler.

Conoco filed a motion to dismiss which did not raise Rule 41(e) and also moved for additional briefing time until August 17, 1984. While Conoco's motion to dismiss was denied, the subsequent order of the District Court rescinded that denial and granted Conoco until August 17, 1984, in which to brief their motion to dismiss. In that brief Conoco argued for dismissal based upon Rule 41(e). Conoco did not raise the Rule 41(e) issue in a motion or an amended motion. A brief cannot be construed either as a pleading or a motion under Rule 12. As stated in 5 Wright and Miller, Federal Practice and Procedure § 1347 (1969):

> The purpose of Rule 12(b) is to promote the expeditious and simultaneous presentation of defenses and objections. In order to accomplish this objective, the rule provides that all defenses and objections must be raised in one of two ways. First, every defense, in law or in fact, may be asserted in the responsive pleading. Second, seven enumerated defenses may be made by a single preliminary motion or by responsive pleading, whichever appears to be the more advantageous procedure to the party who wishes to assert one or more of them.

Conoco failed to raise the objection in the motion which constituted its original appearance, and therefore did not meet the requirements of Rule 12(b). We conclude that Conoco was improperly dismissed by the order of the District Court.

Northwest Airlines filed a motion to dismiss and motion for a more definite statement and a supporting memorandum without raising Rule 41(e). About 16 days later, and without court permission, Northwest filed an amended motion to dismiss and motion for a more definite statement which raised Rule 41(e). Northwest failed to raise the Rule 41(e) defense at its first appearance and therefore did not meet the requirements of Rule 12(b). Northwest did not get prior approval of the District Court to file its amended motion. The fact that Northwest filed an amended motion to dismiss within twenty days of its original motion does not cure these defects because Rule 15(a) and Rule 15(c), M.R.Civ.P., regarding amendments and relation back of amendments, pertain only to pleadings. Rambur v. Diehl Lumber Company (Mont. 1964), 144 Mont. 84, 394 P.2d 795. We conclude that Northwest was improperly dismissed by order of the District Court.

General Electric filed a general motion to dismiss which did not mention Rule 41(e). About a month and a half later, General Electric filed a motion for additional time to file its brief in support of its motion to dismiss which was granted. General Electric then filed an amended motion to dismiss raising Rule 41(e) and a motion for a more definite statement, with accompanying memorandum. General Electric was not given permission by the court to file the amended motion to dismiss. From the time General Electric filed its motion to dismiss to the time it filed its amended motion to dismiss, over three and one-half months had elapsed. This is precisely the type of delay that Rule 12(b) attempts to prevent. In addition, General Electric did not raise Rule 41(e) at its first appearance and was not given court permission to file the amended motion to dismiss. Accordingly, we

conclude that General Electric was improperly dismissed by order of the District Court.

Montana Power Company filed a motion to dismiss which did not raise Rule 41(e). About two and a half months later, without court permission, it filed an amended motion to dismiss and a supporting memorandum which raised Rule 41(e). Montana Power failed to raise the Rule 41(e) defense at its first appearance, and therefore did not meet the requirements of Rule 12(b). Montana Power was not given prior approval of the District Court to file its amended motion to dismiss. Therefore, we conclude that Montana Power was improperly dismissed by order of the District Court.

## II

Did the District Court err when it denied owners' motion to amend the original and duplicate summons?

The owners maintain that they should have been allowed to amend the date on the "duplicate summons" issued to each defendant to correspond to the date in the original summons. Under Rule 4D(7), M.R.Civ.P., a court, in its discretion, may allow any process or proof of service to be amended unless material prejudice would result to the party against whom the process was issued.

The owners cite Larango v. Lovely (1981), 196 Mont. 43, 637 P.2d 517, in support of their argument that a court has discretion to allow amendments of process. However, Larango is distinguishable from this case on two grounds. First, the altered summons in Larango was issued within nine days after the action was commenced as opposed to over one year in this case. Second, the defendants may have been substantially prejudiced in this case because of lack of notice of the lawsuit and lack of knowledge of prior discovery proceedings

11

which commenced during the one year after the amended complaint was filed. Whether a defendant is substantially prejudiced is a question for the district court.

On appeal, this Court will not substitute its judgment for that of the district court but rather will only consider whether substantial credible evidence supports the district court's findings. Those findings will not be overturned by this Court unless there is a clear preponderance of the evidence against them. Phennicie v. Phennicie (1979), 185 Mont. 120, 604 P.2d 787.

We hold that the District Court did not err when it denied owners' motion to amend the original and duplicate summons. The District Court had reason to believe substantial prejudice would develop against the defendants if the amendment was allowed and this Court will not overturn the District Court unless there is a clear preponderance of the evidence against the District Court's findings.

III

Did the District Court err by not granting owners additional time within which to file their brief opposing the motion to dismiss of Burlington Northern?

The owners contend that the District Court abused its discretion by allowing various defendants extensions to file briefs and not allowing owners an extension to file their brief opposing the motion to dismiss of Burlington Northern. In the lower court's action, owners filed a motion asking the court to reconsider its dismissal of Burlington Northern. On December 16, 1984, oral arguments were presented by owners on that issue. After the oral arguments, the District Court, on July 9, 1985, reaffirmed its previous order dismissing Burlington Northern.

12

We hold that the District Court did not err by not granting owners additional time to file their brief opposing Burlington Northern's motion to dismiss.

In summary, we hold that the District Court properly dismissed Burlington Northern and Chrysler from this suit. Conoco, Northwest, General Electric, and Montana Power were improperly dismissed by the District Court and should be reinstated as parties in this suit.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

Justice L.C. Gulbrandson did not participate in this decision.

13