No. 97-339

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


DEBORA L. YARBOROUGH,

Plaintiff and Appellant,

v.

GLACIER COUNTY, MONTANA, A POLITICAL
SUBDIVISION OF THE STATE OF MONTANA,

Defendant and Respondent.


APPEAL FROM:   District Court of the Ninth Judicial District,
In and for the County of Glacier,
The Honorable Marc G. Buyske, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Ann C. German, Attorney at Law, Libby, Montana

For Respondent:

Gary M. Zadick; Ugrin, Alexander, Zadick & Higgins, P.C.;
Great Falls, Montana


Submitted on Briefs: October 9, 1997

Decided:     November 25, 1997
Filed:


_____
Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

The plaintiff, Debora L. Yarborough, filed a complaint in the District Court for the Ninth Judicial District in Glacier County in which she alleged that the defendant, Glacier County, had breached the written contract by which it had agreed to employ her. Glacier County moved to dismiss the complaint based on its contention that Yarborough's summons was not served in compliance with Rule 41(e), M.R.Civ.P. That motion was granted by the District Court and the complaint was dismissed with prejudice. Yarborough appeals from the District Court's order dismissing her complaint. We reverse the order and judgment of the District Court.

The issue on appeal is whether Rule 41(e), M.R.Civ.P., requires the summons which was originally issued within one year from the date on which the action was commenced be served, or whether an identical duplicate issued more than one year after the commencement of the action can serve the same purpose.

### FACTUAL BACKGROUND

The plaintiff, Debora L. Yarborough, filed her complaint in the District Court on July 8, 1993. She alleged that on June 3, 1991, the defendant, Glacier County, had contracted with her in writing to pay her a salary and benefits for her services, but that the County had breached the contract by refusing to perform according to its terms. She sought damages based on the salary which the County had allegedly agreed to pay, plus other benefits which were promised by the written agreement.

On the same day that her complaint was filed, Yarborough had issued, by the Clerk of Court, an original summons. That summons, together with a copy of the complaint, was sent by Yarborough's attorney to the Glacier County Attorney with a request that he acknowledge service on February 14, 1994. On the following day, the Glacier County Attorney responded by letter that he would not accept service and that the summons and complaint would have to be personally served on the Chairman of the County Commissioners.

At some time subsequent to February 15, 1994, the original summons was lost. Yarborough's attorney then sent a duplicate of the original summons to the Clerk of the District Court and requested that it be reissued. The duplicate summons was identical to the original summons. In fact, it appears to have been photocopied, except that it was retitled "duplicate summons" and bears the following statement at the bottom prior to the Clerk's signature line: "NOTE: DUPLICATE SUMMONS ISSUED this 23rd day of June, 1995."

The duplicate summons was served with a copy of the complaint on the Glacier County Commissioners on October 3, 1995.

On October 18, 1995, Glacier County moved for dismissal of Yarborough's complaint based on her failure to serve the summons and complaint as required by Rule 41(e), M.R.Civ.P., and based on her alleged failure to prosecute her cause of action.

The basis for its motion was its contention that the duplicate summons was not issued within one year from the date on which the action was commenced and, therefore, was untimely. The District Court denied that motion for the reason that the original summons was issued on time and the duplicate summons, which was identical in all significant respects, was served on time. The District Court further found no prejudice which would warrant dismissing Yarborough's complaint for failure to prosecute pursuant to Rule 41(b), M.R.Civ.P.

On March 31, 1997, following this Court's decisions in Busch v. Atkinson (1996), 278 Mont. 478, 925 P.2d 874, and Haugen v. Blaine Bank of Montana (1996), 279 Mont. 1, 926 P.2d 1364, Glacier County moved the District Court to reconsider its prior order denying its motion to dismiss and grant that motion based on these subsequent decisions. Glacier County contended that these cases require that Rule 41(e) be applied literally and that doing so requires dismissal of Yarborough's complaints.

The District Court agreed, and on April 18, 1997, it vacated its prior order which denied Glacier County's motion to dismiss and ordered that Yarborough's complaint be dismissed with prejudice.

## DISCUSSION

Does Rule 41(e), M.R.Civ.P., require the summons which was originally issued within one year from the date on which the action was commenced be served, or does an identical duplicate issued more than one year after the commencement of the action serve the same purpose?

The District Court's order which dismissed Yarborough's complaint was based on a conclusion of law. We review a district court's conclusions of law to determine whether the court's interpretation of the law is correct. Haugen v. Blaine Bank of Montana (1996), 279 Mont. 1, 5, 926 P.2d 1364, 1366.

The relevant part of Rule 41(e), M.R.Civ.P., provides as follows:

[A]ll actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein . . . unless summons shall have been issued within 1 year, or unless summons issued within one year shall have been served and filed with the clerk of the court within 3 years after the commencement of said action, or unless appearance has been made by the defendant or defendants therein within said 3 years.

Yarborough contends that it is inconsistent with the purpose and substance of Rule 41(e) to hold that merely because the original piece of paper, which was timely issued, is lost after the first year from its issuance, timely service cannot be satisfied by substitution of an identical copy. In reliance on our decision in Larango v. Lovely (1981), 196 Mont. 43, 637 P.2d 517, she contends that the Rules of Civil Procedure should be construed to facilitate the resolution of disputes on their merits, rather than arguable procedural irregularities. She contends that she was perfectly authorized to have an additional summons issued by Rule 4C(1), M.R.Civ.P., and the mere fact that she referred to it as a "duplicate" rather than a "separate or additional summons"

should not
be a basis for dismissal of her complaint.

Glacier County counters that the Rules of Civil Procedure do not provide for a "duplicate" summons; that pursuant to our decisions in Association of Unit Owners v. Big Sky (1986), 224 Mont. 142, 729 P.2d 469, Busch, and Haugen, Rule 41(e) is to be applied literally; and that in this case Yarborough did not literally comply with Rule 41(e) because she did not serve a summons which had been issued within a year on Glacier County.

We conclude that the cases relied upon by the County and the District Court are distinguishable on their facts and in important respects, and that by serving, within three years, an identical copy of an original summons which had been issued within one year, Yarborough complied with the substance and literal purpose of Rule 41(e), M.R.Civ.P. We conclude that to require more would exalt form over substance and do nothing to further the resolution of controversies on their merits which, after all, as we explained in Larango, is the ultimate purpose of our Rules of Civil Procedure. Larango, 196 Mont. at 47, 637 P.2d at 519.

In Association of Unit Owners, the plaintiffs had a summons issued within one year from the date on which their complaint was filed, but that summons did not name all of the defendants who were ultimately listed in the amended complaint. Fifteen months after the original summons was issued, additional summonses were issued which were marked "duplicate summons"; however, the "duplicate" summonses were altered to the extent that they added the names of additional defendants. Association of Unit Owners, 224 Mont. at 148, 729 P.2d at 471. We noted that our Rules do not provide for a "duplicate" summons, but more importantly, stated that "[w]e disregard the terminology in the title of the summons." Association of Unit Owners, 224 Mont. at 148, 729 P.2d at 472. In other words, in that case the content of the summons was more important than its title. We held in that case that the summonses issued more than a year after the action was commenced did not relate back to the date on which the original summons was issued because the content of the summons had been changed. We specifically stated:

We are not able to relate the actual service back to the summons properly issued on February 18, 1983, because that summons failed to name any of the six defendants in its caption or anywhere else in the summons. As a result, that summons would have been inadequate to give notice to these six defendants because of the absence of the defendants' names in the summons.

Association of Unit Owners, 224 Mont. at 148, 729 P.2d at 472 (emphasis added).

In Association of Unit Owners, we affirmed the district court's dismissal pursuant to Rule 41(e), but specifically because the summonses issued after one year had expired

were changed in substance from the original summons. Those are not the facts in this case.

In Busch, we held that a plaintiff's complaint would not be dismissed for failure to issue the summons within one year of the date on which the action was commenced pursuant to Rule 41(e) because, pursuant to Rule 4C(1), it was the clerk of court's obligation to issue the summons. Busch, 278 Mont. at 485, 925 P.2d at 878.

In Haugen, we affirmed the dismissal of the plaintiffs' complaint when, contrary to the plain language of Rule 41(e), the sheriff's affidavit that the summons had been served was not filed with the clerk of court within three years after the commencement of that action. We held that the plaintiffs had shown a lack of diligence, and that the delay which resulted was the kind of delay Rule 41(e) was intended to prevent. Haugen, 279 Mont. at 6-7, 926 P.2d at 1367. Neither the facts nor the legal issues presented in Busch and Haugen are present in this case.

In this case, Yarborough's summons was issued within one year from the date on which her action was commenced and would have been served within three years from that date had it not been lost. When it was lost, a summons which was identical except for the title was issued and, although not issued within one year from the date on which the action was commenced, it was served within three years from that date. As we stated in Association of Unit Owners, "[w]e disregard that terminology in the title of the summons" and look to its substance. Association of Unit Owners, 224 Mont. at 148, 729 P.2d at 472. In substance, the summons served on Glacier County was identical to the original summons which had originally been issued. Glacier County received the same notice in exactly the same form it would have received had the original summons not been lost. While Glacier County complains about the delay in service, the delay is authorized by statute. In this case, an exact copy of the original summons was served on the County in less than three years from the date on which the action was commenced. Rule 41(e) gave Yarborough three years to serve and file her summons. Therefore, no prejudice can be demonstrated by Glacier County from the mere fact that it received a copy of the original summons, rather than the original.

In any given suit, significant interests may be at stake. The success or failure of a business, title to the family homestead, or the quality of a life could hinge on the outcome. No system of justice worthy to be identified as such would resolve those interests on the basis that the original piece of paper (intended solely to notify the other party of the suit) was lost when an exact copy can serve the same purpose.

A system, hundreds of years old, which exists solely to resolve controversies on their merits, cannot be paralyzed by the loss of one piece of paper which does no more

than tell the other party to file an answer in twenty days.  While literal consideration of
our Rules of Procedure is a necessary starting point, common sense is also necessary to
people's confidence in the law.

For these reasons, we conclude that the plaintiff, Debora L. Yarborough, has complied with Rule 41(e), M.R.Civ.P.  We reverse the order and judgment of the District Court and remand this case to the District Court for further proceedings consistent with this opinion.

/S/   TERRY N. TRIEWEILER

We Concur:

/S/   J. A.   TURNAGE
/S/   KARLA M. GRAY
/S/   W. WILLIAM LEAPHART
/S/   WILLIAM E. HUNT, SR.