JUSTICE NELSON
dissents.
I would not reach the issues addressed on appeal. Rather, I would reverse and order Plaintiffs’ cause of action dismissed on the basis of the issue raised on cross-appeal. I would hold that the District Court erred in not dismissing Plaintiffs’ action with prejudice on the basis of the Pierce Defendants’ motion to dismiss under Rule 41(e), M.R.Civ.P.
*307 As the District Court stated and as the majority opinion notes, at the time their original motion to dismiss was filed, the Pierce Defendants had not been served with a summons that had been issued within one year of the commencement of the action. Their motion was, thus, clearly meritorious. Accordingly, at that point in time, under the unambiguous requirements and plain language of Rule 41(e), as subsequently interpreted in our decision in First Call v. Capital Answering Serv., Inc. (1995), 271 Mont. 425, 898 P.2d 96, Plaintiffs’ complaint should have been dismissed with prejudice — i.e., never to be prosecuted further. First Call, 898 P.2d at 98. In allowing Plaintiffs to cure their obvious Rule 41(e) violation by re-serving Defendants with the original summons, (an action that was, in itself, a nullity) the District Court deprived the Pierce Defendants of their right to take advantage of the rule and to a final dismissal of Plaintiffs’ complaint. Moreover, the trial court allowed Plaintiffs to do exactly what Rule 41(e) specifically prohibits — to further prosecute a lached lawsuit. First Call, 898 P.2d at 98.
Similarly, in Sinclair v. Big Bud Mfg. Co. (1993), 262 Mont. 363, 865 P.2d 264, we held that Rule 41(e) does not allow the District Court discretion to allow the further prosecution of an action where summons is not issued within one year of the commencement of the suit and that the mandatory language of the rule requires dismissal. Sinclair, 865 P.2d at 266-67. In that case we reversed the District Court for doing, in substance, what the court did here. We stated:
Notwithstanding the failure to issue the summonses timely, the District Court determined that it could allow the action to proceed because the non-BBMC defendants had made an appearance. It is true that an action may be further prosecuted under Rule 41(e), M.R.Civ.P, if a defendant appears within three years of the commencement of the action even though summons has not been timely issued. However, the only appearance made by the nonBBMC defendants prior to the court’s ruling was the Rule 12(b), M.R.Civ.P, motion to dismiss asserting the Rule 41(e), M.R.Civ.P, bar to further proceedings. Rule 41(e), M.R.Civ.P., specifically allows a party to move for dismissal of the action and requires the district court to do so if summons was not properly issued. Thus, the non-BBMC defendants’ motion to dismiss does not serve as a basis for further prosecution of the action. [Emphasis added.]
Sinclair, 865 P.2d at 267.
Neither the unambiguous language of Rule 41(e) nor our decisions in Sinclair or First Call provide any mechanism for “curing” a Rule *308 41(e) defect once the defendant has moved for dismissal. At that point, the obligation of the court is simply to dismiss with prejudice.
Following briefing in the case at bar, we handed down our decision in Yarborough v. Glacier County (1997), [285 Mont. 494], 948 P.2d 1181. In that case we reversed a decision of the trial court granting the defendant’s Rule 41(e) motion to dismiss. That case is distinguishable and is limited to its facts; it does not support the majority opinion here. In Yarborough, the plaintiff had a summons issued the same day she filed her complaint, July 8, 1993. The defendant declined to acknowledge service of the summons and complaint mailed within one year of the commencement of the action. The original summons was subsequently lost. Over one year from the filing of the complaint, plaintiff had the clerk of court issue an identical “duplicate” of the original summons. This duplicate summons was titled as such and bore the following statement at the bottom prior to the clerk of court’s signature line: “NOTE: DUPLICATE SUMMONS ISSUED this 23rd day of June, 1995.” This duplicate summons was personally served on the defendant. Yarborough, 948 P.2d at 1182. On those facts, we held that the plaintiff had complied with the substance and literal purpose of Rule 41(e). Yarborough, 948 P.2d at 1183. Significantly, Yarborough did not distinguish, much less overrule, First Call or Sinclair.
In the instant case, the Pierce Defendants were not served with a duplicate of the original summons issued October 21, 1988, nor were they served with the summons issued a year later on October 23, 1989. Rather they were served with a brand new summons issued February 28, 1990. Nothing on this summons indicates that it was “duplicate” of the original that was lost. Clearly, the February 28, 1990 summons was a new summons that was not issued within one year of the commencement of the action as required by Rule 41(e); First Call and Sinclair control; the District Court erred in not granting the Pierce Defendants’ Rule 41(e) motion to dismiss at the time the motion was made.
I dissent.