No.98-221

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 250

WILLIAM R. MacPHEAT, Plaintiff and Appellant,
 v.
 PEGGY LEE SCHAUF,

Defendant and Respondent.

Submitted on Briefs September 10, 1998.

Decided October 20, 1998.

As Amended on Denial of Rehearing December 30, 1998

**Appeal from the District Court of Flathead County.**

**Eleventh Judicial District.**

**Honorable Ted O. Lympus, Judge.**

For Appellant: **William R. MacPheat**, *Pro se,* Deer Lodge.

For Respondent: **I. James Heckathorn**; Crowley, Haughey,
Hanson, Toole & Dietrich, Kalispell.

JUSTICE LEAPHART delivered the Opinion of the Court.

¶ 1 William R. MacPheat (MacPheat) appeals from the decision of the Eleventh Judicial District, Flathead County, dismissing his case pursuant to Rule 41(e), M.R.Civ.P.

¶ 2 We reverse.

¶ 3 In determining whether the District Court erred, we restate the issues as follows:

¶ 4 1. Whether Peggy Lee Schauf (Schauf) waived issuance of summons and service of process.

¶ 5 2. Whether a case must be dismissed under Rule 41(e), M.R.Civ.P., when a summons has issued but is not served within one year of the commencement of the action.

## Standard of Review

¶ 6 In reviewing a district court's conclusions of law, we determine whether the district court's interpretation of law is correct. *Sinclair v. Big Bud Mfg. Co.* (1993), 262 Mont. 363, 366, 865 P.2d 264, 266; *Steer, Inc. v. Dept. of Revenue* (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603.

## Factual and Procedural Background

¶ 7 MacPheat filed a complaint in District Court on April 8, 1996, alleging that Schauf had slandered him. On April 26, 1996 MacPheat caused summons to be issued; the Sheriff of Flathead County returned the summons on May 2, 1996, finding that Schauf could not be located. On May 8, 1996 MacPheat caused a second summons to be issued. The Sheriff of Hill County returned the summons on May 28, 1996, finding that Schauf could not be located. MacPheat then attempted service by publication of summons. Schauf moved to quash service of process. MacPheat demanded proof that Schauf's counsel, I. James Heckathorn, had authority to represent her. In response, Schauf filed a statement with the District Court stating that Mr. Heckathorn had authority to represent her. The District Court subsequently granted her motion to quash service of process. Schauf then moved to dismiss MacPheat's case. MacPheat moved to deny Schauf's motion for dismissal and to amend his summons. The District Court dismissed the action with prejudice pursuant to Rule 41(e), M.R.Civ.P.

## Discussion

¶ 8 1. Whether Schauf waived issuance of summons and service of process.

¶ 9 MacPheat contends that in moving for sanctions, filing a statement authorizing her attorney to act on her behalf, and moving to dismiss the case, Schauf made voluntary general appearances in District Court that waived issuance of summons and service of process. He argues that her actions were voluntary general appearances under *Haggerty v. Sherburne Mercantile Co.* because they were detrimental to him or beneficial to her and because in none of her appearances did Schauf contest only the jurisdiction of the District Court. *Haggerty v. Sherburne Mercantile Co.* (1947), 120 Mont. 386, 186 P.2d 884. MacPheat argues further that under this Court's decision in *Spencer v. Ukra,* a voluntary general appearance waives issuance or service of summons. *Spencer v. Ukra* (1991), 246 Mont. 430, 804 P.2d 380. Schauf responds that she properly raised the issue of lack of personal jurisdiction in her first appearance before the District Court and that she therefore did not waive issuance of summons and service of process.

¶ 10 In *Knoepke v. Southwestern Ry. Co.,* this Court considered whether a party who raises the issue of lack of personal jurisdiction in an initial appearance thereby recognizes the general power of the court. *Knoepke v. Southwestern Ry. Co.* (1980), 190 Mont. 238, 620 P.2d 1185. The Court concluded that Rule 12, M.R.Civ.P., had eliminated the distinction between special and general appearances. *Knoepke,* 190 Mont. at 243, 620 P.2d at 1187. The *Knoepke* Court then held:

Following service of process a party can attack the court's personal jurisdiction simply by raising the jurisdiction issue in an initial response to plaintiff's claim by motion before answering the claim or in answer to the claim. *If the party's initial response to the opponent's claim raises a personal jurisdiction issue, then the party is not subject to the general power of the court solely because of the response.*

*Knoepke,* 190 Mont. at 243, 620 P.2d at 1187-88 (emphasis added).

¶ 11 We conclude that MacPheat has misconstrued the significance of the record and this Court's decisions in *Haggerty* and *Spencer.* The record establishes that Schauf raised the defense of lack of personal jurisdiction in her initial appearance. She expressly moved the District Court for "an Order quashing service of process."

¶ 12 Moreover, MacPheat's reliance on *Spencer* and *Haggerty* is misplaced. While recognizing the rule in *Haggerty* that "[t]he voluntary general appearance by the defendant is a waiver of the issuance or service of the summons," the *Spencer* Court distinguished *Haggerty,* concluding that *Haggerty* was decided before the adoption of the "Rules of Civil Procedure modeled on the federal Rules." *Spencer,* 246 Mont. at 433, 804 P.2d at 382. MacPheat argues that Schauf waived her defense of lack of personal jurisdiction, which she raised in her first appearance, because she combined it with other defenses. Rule 12(b), M.R.Civ.P., however, provides that "[n]o defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." In *Spencer* the Court held that "[an] objection to lack of personal jurisdiction must be made at the time of the initial appearance in the District Court." *Spencer,* 246 Mont. at 433, 804 P.2d at 382. As the record establishes, however, Schauf objected to lack of personal jurisdiction in her first appearance. Our decisions in *Spencer* and *Haggerty* do not support MacPheat's argument. We affirm the District Court's ruling that Schauf did not waive issuance of summons and service of process.

¶ 13 2. Whether a case must be dismissed under Rule 41(e), M.R.Civ.P., when a summons has issued but is not served within one year of the commencement of the action.

¶ 14 MacPheat argues that the District Court erred in dismissing his case pursuant to Rule 41(e), M.R.Civ.P. He argues that his summons did not cease to exist legally because he could not obtain service within one year of the commencement of the action. MacPheat further asserts that the District Court erred in denying his motion to amend his summons pursuant to this Court's decision in *Larango v. Lovely* (1981), 196 Mont. 43, 637 P.2d 517. In *Larango,* the plaintiff obtained service of a summons but altered it without leave of court before service was obtained. The defendant moved to quash the summons because of plaintiff's alterations, and plaintiff then moved to amend the summons. The district court granted defendant's motion to quash and dismissed the case. The Court in *Larango* held that the district court abused its discretion in refusing to allow amendment of the summons and remanded the case for amendment of the summons and proof of service. *Larango,* 196 Mont. at 48, 637 P.2d at 520. The Court held that "[i]ssuance and service of the summons shall relate back to the original dates of issuance and

service, to insure that [the] case is not dismissed for failure to comply with the time requirements of Rule 41(e), M.R.Civ.P." *Larango,* 196 Mont. at 48, 637 P.2d at 520.

¶ 15 Schauf contends that the two summons that MacPheat caused to be issued and that the Sheriffs of Hill and Flathead counties returned were *functus officio.* Schauf argues in essence that because the two summons issued were returned without having been served, they were without legal effect under Rule 41(e), M.R.Civ.P. Schauf further argues that the District Court correctly denied MacPheat's motion to amend his summons because no summons then existed that could be amended. Schauf attempts to distinguish this Court's decision in *Larango* on the ground that in *Larango* there was a viable summons but that there is no summons in existence in the present case.

¶ 16 In dismissing MacPheat's case under Rule 41(e), M.R.Civ.P., the District Court found that Schauf "has never been served with summons and there is no viable summons in existence which could be served upon her." The District Court concluded that compliance with Rule 41(e) was "impossible." Rule 41(e) provides in pertinent part:

**Failure to serve summons.** No action heretofore or hereafter commenced shall be further prosecuted as to any defendant who has not appeared in the action or been served in the action as herein provided within 3 years after the action has been commenced, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein . . . unless summons shall have been issued within 1 year, *or unless summons issued within one year shall have been served and filed with the clerk of the court within 3 years after the commencement of said action.*

Rule 41(e), M.R.Civ.P. (emphasis added).

¶ 17 We conclude that the District Court erred in dismissing MacPheat's case. The parties do not dispute and the record clearly establishes that MacPheat caused two summons to issue against Schauf within one year of the commencement of the action. Thus, although MacPheat was unable to obtain service of the summons within one year, he complied with the requirement of Rule 41(e), M.R.Civ.P., that a summons be *issued* within one year of the commencement of an action. Schauf has misunderstood the meaning of *functus officio. Functus officio* means "having fulfilled the function, discharged the office, or accomplished the purpose, and therefore of no further force or authority," Black's Law Dictionary 673 (6th ed. 1990); it does not mean *void ab initio.* The timely issuance of MacPheat's summons did not become *void ab initio* because they were filed with returns indicating that service had not been obtained. Rule 41(e) does not require that a plaintiff even attempt service within one year of the commencement of an action; thus, MacPheat's attempt to obtain service is of no consequence under the one-year requirement of Rule 41(e). We conclude that the District Court's dismissal of MacPheat's case is inconsistent with the overall scheme and purposes of Rule 41(e), M.R.Civ.P., and that it is incorrect as a matter of law.

¶ 18 We also conclude, however, that the District Court correctly denied MacPheat's motion to amend his original summons. When MacPheat's original summons was filed together with a

return indicating that service had been attempted but not obtained, the summons became *functus officio* not with regard to its issuance but with regard to its further service. As such, the summons can no longer be amended. Thus, rather than seek amendment of such summons, MacPheat should have requested an additional summons pursuant to Rule 4C(1), M.R.Civ.P. *Compare Montgomery Ward Co. v. District Court* (1944), 115 Mont. 521, 527, 146 P.2d 1012, 1015 (concluding that original summons returned after partial or defective service is *functus officio*) and *Schmitz v. Vasquez,* 1998 MT 314 (decided December 23, 1998) (recognizing amended summons issued after original summons surrendered without a proof or return of service).

¶ 19 We hold that when a party has caused a summons to issue within one year of the commencement of an action, he has complied with Rule 41(e). The fact that he or she is not successful in serving the summons within one year of the commencement of the action is of no consequence. A party may cause additional summons to issue pursuant to Rule 4C(1), M.R.Civ.P., and have three years from the commencement of the action to obtain service.

¶ 20 Reversed.

JUSTICES TRIEWEILER, HUNT, NELSON and REGNIER concur.