JUSTICE NELSON
dissents:
¶28 In my view our dedsion in Haugen v. Blaine Bank of Montana (1996), 279 Mont. 1, 926 P.2d 1364, controls. The majority decision disregards that part of Rule 41(e), M.R.Civ.R, which requires dismissal of the action unless “summons issued within 1 year shall have been served and filed with the clerk of the court within three years after the commencement of [the] action...” Here, the summons issued within one year of the commencement of the action —the summons naming Dr. Sanz — was not served within 3 years on Dr. Vasquez. Rather, a different summons, one not naming Dr. Sanz and not authorized by the trial court as required by Rule 4D(7), M.R.Civ.P, and our decision in Larango v. Lovely (1981), *170 196 Mont. 43, 637 P.2d 517, was served on Dr. Vasquez. Under the plain language of Rules 41(e) and 4D(7) and under our decisions in Larango and Haugen, Dr. Vasquez was clearly entitled to dismissal of Schmitzes’ complaint against him.
¶29 Schmitzes also violated Rule 21, M.R.Civ.R, which provides that parties — here Dr. Sanz — may be dropped or added “by order of the court on motion of any party or of its own initiative at any stage of the action....” Schmitzes did not move the court to drop Dr. Sanz as a party to their lawsuit, and they had no authority to do so. By failing to obtain leave of court to drop Dr. Sanz, Schmitzes’ amended complaint and amended summons are both invalid. Furthermore, their reliance on Rule 15(a), M.R.Civ.R, in dropping Dr. Sanz from the original summons is misplaced. Pleadings are, in some cases, permitted to be amended without leave of court under this rule. A summons is not a pleading; it is process. See Rules 7(a) and 4C, M.R.Civ.R
¶30 More importantly, there was absolutely nothing precluding Schmitzes from timely serving their original summons on Dr. Vasquez and filing it with the clerk of court even though Dr. Sanz was improperly named on the original summons. Rule 41(e) specifically provides that:
When more than one defendant has been named in an action, the action may within the discretion of the trial court be further prosecuted against any defendant who has appeared within 3 years, or upon whom summons which has been issued within 1 year has been served and filed with the clerk within 3 years as herein required.
Schmitzes could have and should have timely served Dr. Vasquez with their original summons. Their failure to do so violated Rule 41(e) and is, therefore, fatal under Haugen.
¶31 The majority’s reliance on Yarborough v. Glacier County (1997), 285 Mont. 494, 948 P.2d 1181, is misplaced. That case is factually and legally distinguishable and does not apply in the case sub judice. Schmitzes’ original summons was not lost during their attempt to timely serve it as was the case in Yarborough nor did Schmitzes obtain a second identical summons under Rule 4C( 1) to replace the first, as did Yarborough. Yarborough, 285 Mont. at 495-97, 948 P.2d at 1181-83. Moreover, Yarborough did not drop a defendant from her lawsuit without court permission in violation of Rule 21, M.R.Civ.R, on her duplicate summons as did Schmitzes on their amended summons. While Yarborough may have complied with the substance of Rule 41(e), Schmitzes did not even come close.
*171 ¶32 Additionally, the majoritys conclusion that Dr. Vasquez is not prejudiced is flat wrong. Over six years after Schmitzes’ claims of alleged malpractice against Dr. Vasquez accrued they filed an invalid amended complaint and served him with an invalid amended summons. Throughout the intervening time they repeatedly violated the procedural laws governing their claims. Their first pro se complaint improperly named a defendant who had not been subject to the Montana Medical Legal Panel. Notwithstanding, they could have timely served Dr. Vasquez with their original summons, but did not. They then violated Rule 4D(7) by obtaining an amended summons without leave of court, and they violated Rule 21 by amending their complaint and summons dropping Dr. Sanz without an order of court. Finally, they served Dr. Vasquez with an invalid amended summons after the time-bar of Rule 41(e) had run. Dr. Vasquez will now be forced to defend the merits of a medical malpractice suit from which, under the law, he is entitled to be dismissed. His rights to rely on the courts to evenhandedly apply the rules of civil procedure have been completely trashed. I am hard-pressed to come up with a more clear example of prejudice or result-oriented “justice.”
¶33 Finally, it is worth noting that, for a procedural rule, Rule 41(e) generates what, in my view, is an inordinate amount of litigation, appeals and, sometimes bitterly divided decisions from this Court.[1], for one, believe that it is an appropriate time for this Court’s Advisory Commission on the Montana Rules of Civil Procedure to take a critical look at this Rule and to make appropriate recommendations to this Court. I strongly urge it to do so at the earliest opportunity.
¶34 As to our decision in the case at bar, I would affirm the District Court. I respectfully dissent from our failure to do so.
JUSTICE GRAY concurs in the foregoing dissent.

. See, for example, the following cases decided in the last five years: MacPheat v. Schauf, 1998 MT. 250, 969 P.2d 265, 55 St.Rep. 1032; Hadford v. Credit Bureau of Havre, Inc., 1998 MT 179, 962 P.2d 1198, 55 St. Rep. 727; Eddleman v. Aetna Life Ins. Co., 1998 MT 52, 955 P.2d 646, 55 St. Rep. 216; Rocky Mountains Enterprises, Inc. v. Pierce Flooring (1997), 286 Mont. 282, 951 P.2d 1326; Yarborough v. Glacier County (1997), 285 Mont. 494, 948 P.2d 1181; Haugen v. Blaine Bank of Montana (1996), 279 Mont. 1, 926 P.2d 1364; Busch v. Atkinson (1996), 278 Mont. 478, 925 P.2d 874; Webb v. T.D. (1996), 275 Mont. 243, 912 P.2d 202; First Call, Inc. v. Capital Answering Service, Inc. (1995), 271 Mont. 425, 898 P.2d 96; Sinclair v. Big Bud Mfg. Co. (1993), 262 Mont. 363, 865 P.2d 264.