No. 98-431

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 314

297 Mont. 255

991 P.2d 459

STEVEN AND SANDRA ROSE,

Plaintiffs and Appellants,

v.

LUKE AND DEBRA ABRAHAMS,

Defendants and Respondents.

APPEAL FROM: District Court of the Twentieth Judicial District,

In and for the County of Lake,

The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Richard R. Buley, Tipp & Buley, P.C.; Missoula, Montana

For Respondents:

Luke and Debra Abrahams, Pro Se; Plains, Montana

_____

Submitted on Briefs: October 14, 1999

Decided: December 14, 1999

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

1.  ¶ The Plaintiffs, Steven and Sandra Rose, appealed to the District Court for the Twentieth Judicial District in Lake County from the judgment of the Justice Court in Lake County which dismissed the Plaintiffs' complaint and awarded default judgment to the Defendants. The District Court dismissed the Plaintiffs' appeal for Plaintiffs' failure to timely respond to the Defendants' motion to dismiss. The Plaintiffs appeal from the Order of the District Court. We reverse and remand for further proceedings.
2.  ¶ The Plaintiffs filed their appellate brief with this Court on September 16, 1998. The Defendants have not filed a brief. On August 18, 1999, this Court ordered the Defendants to show good cause for failure to file a brief. Defendants have failed to respond, and therefore, this case was submitted for decision based on the Plaintiffs' brief.
3.  ¶ The following issue is dispositive:
4.  ¶ Did the District Court err when it dismissed Plaintiffs' appeal for failure to timely respond to the Defendants' motion to dismiss pursuant to Rule 2 of the Uniform District Court Rules?

## FACTUAL BACKGROUND

5. ¶ On August 5, 1997, the Plaintiffs, Steven and Sandra Rose, filed a complaint in the Justice Court for Lake County to recover damages for unpaid rent and property damage from the Defendants, Luke and Debra Abrahams. On December 1, 1997, the Justice Court dismissed the complaint with prejudice and awarded default judgment to the Defendants. On February 17, 1998, Plaintiffs appealed the Justice Court decision to the District Court. The District Court scheduled a pretrial conference for April 1, 1998. On March 11, 1998, the District Court rescheduled the pretrial conference for March 31, 1998. On March 16, 1998, Plaintiffs filed a motion for substitution of counsel. However, notice of the rescheduled pretrial conference had been sent to the Plaintiffs' previous counsel and Plaintiffs' substituted counsel did not receive notice of the new date.

6. ¶ On March 31, 1998, the District Court held the rescheduled pretrial conference and neither the Plaintiffs nor their attorney appeared. Based on the Plaintiffs' failure to appear, the District Court ordered their appeal dismissed on that date. On April 3, 1998, the Plaintiffs filed a motion for relief from the District Court's order of dismissal on the basis that the Plaintiffs' counsel had not received notice of the rescheduled pretrial conference. On April 21, 1998, the District Court granted the Plaintiffs' motion for relief and rescinded its March 31, 1998 order.

7. ¶ On March 24, 1998, prior to the District Court's dismissal of the Plaintiffs' action for failure to appear at the pretrial conference, the Defendants had filed a motion to dismiss the appeal for failure to timely appeal from the Justice Court's decision. On May 5, 1998, following the District Court's recision of its order to dismiss Plaintiffs' action for failure to appear, the District Court granted the Defendants' motion to dismiss based on its sua sponte conclusion that the Plaintiffs had failed to file an answer brief within the ten-day time period required by Rule 2 of the Montana Uniform District Court Rules.

## STANDARD OF REVIEW

8. ¶ We review a district court's conclusion of law to determine whether it is correct. *Geissler v. Sanem* (1997), 285 Mont. 411,414, 949 P.2d 234, 236-37.

## DISCUSSION

9. ¶ Did the District Court err when it dismissed Plaintiffs' appeal for failure to timely respond to the Defendants' motion to dismiss pursuant to Rule 2 of the Uniform District Court Rules?

10. ¶ The Plaintiffs contend that the District Court erred when it dismissed their appeal for failure to respond to the Defendants' motion to dismiss within ten days as required by Rule 2 of the Uniform District Court Rules. The District Court concluded that the time to respond to the Defendants' motion was tolled during the period of time the Plaintiffs' action had been dismissed for failure to appear but that when the District Court rescinded its order to dismiss, the Plaintiffs had only so much time remaining as had been remaining when the appeal was first dismissed. However, Plaintiffs assert that they were entitled to ten days from the time this appeal was reinstated within which to respond to the Defendants' motion to dismiss.

11. ¶ We have not previously addressed these unique circumstances and know of no rule nor case law which resolves the issue presented.

12. ¶ We are guided, however, by our repeated observation that the ultimate purpose of our Rules of Civil Procedure is to resolve controversies on their merits. *See Yarborough v. Glacier County* (1997), 285 Mont. 494, 497, 948 P.2d 1181, 1183.

13. ¶ Accordingly, we conclude that, without notice to the contrary, it was reasonable for the Plaintiffs to assume that they had ten days from the reinstatement of their appeal to respond to the Defendants' motion to dismiss their appeal, and that their appeal was dismissed for a second time before that time had elapsed. Therefore, we conclude that the District Court erred when it dismissed the Plaintiffs' action for failure to timely respond to the Defendants' motion. We reverse the judgment of the District Court and remand for further proceedings consistent with this opinion.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART

/S/ JAMES C. NELSON