DA 10-0254

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 60

TIMOTHY R. OSMAN and
DAVID KRONE,

      Plaintiffs and Appellees,

   v.

PHOENIX R. CAVALIER,
REDHAWKSFEATHER BLANKS,
TOM ROBERTS and DEBBIE ROBERTS,

      Defendants and Appellants.

APPEAL FROM:    District Court of the Fourteenth Judicial District,
                 In and For the County of Musselshell, Cause No. DV 08-63
                 Honorable Randal I. Spaulding, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

            Redhawksfeather Blanks, self represented, Roundup, Montana
            Phoenix Cavalier, self represented, Roundup, Montana

      For Appellees:

            Robert W. Snively, Attorney at Law, Hardin, Montana

Submitted on Briefs:  January 20, 2011
Decided:  April 5, 2011

Filed:

_____
                      Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Appellants Phoenix Cavalier and Redhawksfeather Blanks ("Defendants") appeal from an order of the Fourteenth Judicial District Court, Musselshell County, awarding punitive damages to Appellees Timothy Osman and David Krone ("Plaintiffs") in the amount of their attorney fees in an easement dispute.

¶2 We review the following issue on appeal:

¶3 *Whether the District Court properly awarded Plaintiffs punitive damages in the amount of their attorney fees based on Defendants' alleged malicious conduct.*

FACTUAL AND PROCEDURAL HISTORY

¶4     Plaintiffs and Defendants own, or have a property interest in, neighboring real property in a rural subdivision in Musselshell County, Montana. A timber company, Timber Tracts, Inc., formerly owned all the property. The deeds from Timber Tracts, Inc. explicitly reserved an easement road, now called Bannock Lane, across Defendants' property to access Plaintiffs' properties.

¶5     Timber Tracts, Inc. reserved "a perpetual easement to a full width of 60 feet across all roads as now constructed and/or as shown in detail on the Certificate of Survey No. 1974-3." Certificate of Survey No. 1974-3 shows an existing road in substantially the same location as the road now known as Bannock Lane that Plaintiffs consistently have used to access their properties. Defendants placed posts and other obstructions on Bannock Lane, despite the recorded easement, in order to block travel across the Defendants' property to Plaintiffs' properties.

¶6     Plaintiffs brought an action in the District Court to enforce the easement and to prevent Defendants from blocking the road. Plaintiffs alleged that they had suffered damages as a result of Defendants' conduct and asked the court to award compensatory damages, attorney fees, and punitive damages. The court held a trial and found that Plaintiffs had a right to use the easement based upon the recorded deeds from Timber Tracts, Inc. The court concluded that there were no demonstrable compensatory damages, but awarded punitive damages to Plaintiffs in the amount of their attorney fees to compensate them for the Defendants' malicious and unreasonable conduct. Defendants appeal.

STANDARD OF REVIEW

¶7      We review a district court's findings of fact for clear error and its conclusions of law for correctness. *Wilson v. State*, 2010 MT 278, ¶ 16, 358 Mont. 438, ___ P.3d ___. The district court may award punitive damages in accordance with §§ 27-1-220, and -221, MCA, at its discretion. This Court conducts plenary review of the district court's application of the statutory requirements. *Wilson*, ¶ 16. We will reverse a district court's award of punitive damages for an abuse of discretion. *Emmerson v. Walker*, 2010 MT 167, ¶¶ 39-40, 357 Mont. 166, 236 P.3d 598.

DISCUSSION

¶8      We must address one preliminary matter. Defendants present several undeveloped arguments. Defendants argue that Plaintiffs lack standing and have no right to use the easement across Defendants' property. Defendants fail to support their position on these issues with a reasoned argument. Parties must present a reasoned argument to advance their position. M. R. App. P. 12(1)(f). It is not this Court's job to "conduct legal research on a party's behalf, to guess as to a party's precise position, or to develop legal analysis that may lend support to that position." *Griffith v. Butte Sch. Dist. No. 1*, 2010 MT 246, ¶ 42, 358 Mont. 193, 244 P.3d 321 (citations omitted). We will not consider unsupported issues or arguments. *Id.* We affirm the District Court's conclusion that Plaintiffs possess valid easements across Defendants' property.

¶9 *Whether the District Court properly awarded Plaintiffs punitive damages in the amount of their attorney fees based on Defendants' alleged malicious conduct.*

¶10 Plaintiffs sought punitive damages based on their claim that the Defendants' actions constituted intentional, unlawful, and malicious conduct. Defendants argue that Plaintiffs failed to prove punitive damages with clear and convincing evidence and that the court failed to state clearly the reasons for the punitive damages award pursuant to § 27-1-221, MCA.

¶11 Section 27-1-221, MCA, provides that a court may award reasonable punitive damages if the court finds the defendant guilty of actual malice. A defendant acts with malice if the defendant "has knowledge of facts or intentionally disregards facts that create a high probability of injury to the plaintiff," and proceeds to act in disregard or indifference to the high probability of injury. Section 27-1-221(2), MCA.

¶12 The court made the following findings at the conclusion of the trial: (1) Defendant Redhawksfeather Blanks had placed posts and other obstructions on the easement thereby restricting travel on the road, (2) Defendants had no right to interfere with Plaintiffs' use of the road, (3) Defendants knew, or reasonably should have known, that they had no legal right to obstruct Plaintiffs' use of the road, (4) Defendants intentionally, unlawfully, and maliciously had obstructed the road, and (5) Defendants' malicious conduct entitled Plaintiffs to punitive damages. The record submitted for our review supports the court's findings of facts and conclusions of law.

¶13 A plaintiff must prove punitive damages with clear and convincing evidence. Section 27-1-221(5), MCA. Plaintiffs presented numerous exhibits at trial that establish through

5

deeds and maps that an easement exists across Defendants' property. Plaintiffs also presented photographs that depicted the easement and the Defendants' obstructions on Bannock Lane. The court minutes summarize the trial proceedings and indicate that Plaintiffs presented five witnesses at trial. The witnesses testified in regards to the easements' existence and the Defendants' conduct obstructing the road. The record establishes that Plaintiffs presented clear and convincing evidence to support their claim for both compensatory and punitive damages. *See Finstad v. W.R. Grace & Co.*, 2000 MT 228, ¶¶ 19-20, 301 Mont. 240, 8 P.3d 778. Defendants have failed to establish otherwise.

¶14 This matter did not present complicated legal issues. The fact that Plaintiffs possessed a valid easement over Defendants' property appeared relatively straightforward in the record. We conclude that the record supports the court's findings that Defendants knew or should have known: (1) that they had no legal right to obstruct the easement, and (2) that blocking the easement would create a high probability of injury to Plaintiffs. Section 27-1-221(1)-(2), MCA. Clear and convincing evidence in the record likewise supports the court's finding that Defendants acted in disregard or indifference to the high probability of injury to Plaintiffs. *Id.*

¶15 A court may not award punitive damages as a substitute for attorneys' fees where an award of fees otherwise would not be justified. *Estate of Pruyn v. Axmen Propane, Inc.*, 2009 MT 448, ¶ 72, 354 Mont. 208, 223 P.3d 845. Rather, when a judge awards punitive damages, the judge must state clearly the reasons for making the award pursuant to § 27-1-221(7)(b), MCA. *Ward v. Vibrasonic Laboratories, Inc.*, 236 Mont. 314, 320-21, 769 P.2d

1229, 1233-34 (1989). The court must show that it considered the nature and extent of the defendant's wrongdoing, the defendant's intent, the amount of actual damages awarded, the defendant's net worth, any previous damage awards based on the same wrongful act, and any other relevant circumstances. Section 27-1-221(7)(b)(i)-(ix), MCA.

¶16 Although the court did not state specifically that it made findings pursuant to the above statute, the court made partial findings in accordance with the statute. The court clearly stated the Defendants' intent—malicious. Section 27-1-221(7)(b)(iii), MCA. The court also discussed the nature and the extent of the Defendants' wrongdoing. Section 27-1-221(7)(b)(i)-(ii), MCA. The court did not state clearly the other factors listed in § 27-1-221(7)(b), MCA, and nothing in the record indicates that the court considered all of the statutory factors. Although not all of the factors may apply to this case, the court at least must demonstrate that it considered all of the factors listed in § 27-1-221(7)(b), MCA, and the reasons the factors justify an award of punitive damages. *Ward*, 236 Mont. at 320-21, 769 P.2d at 1233-34.

¶17 A district court, having heard the evidence and observed the witnesses, sits in the best position to determine whether the facts of a case justify an award of punitive damages. *Emmerson*, ¶¶ 39-40. Although the court's findings of fact and conclusions of law presented to this Court might support an award of punitive damages, the District Court must follow the statutory procedures and make the necessary findings pursuant to § 27-1-221(7)(b), MCA, before this Court can consider such an award. *Ward*, 236 Mont. at 320-21, 769 P.2d at 1233-

34. We remand to the District Court to make the appropriate findings in accordance with § 27-1-221(7)(b), MCA, based on the evidence presented by the parties at trial.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE