DA 12-0272

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 254N

TIMOTHY R. OSMAN and
DAVID KRONE,

        Plaintiffs and Appellees,

  v.

REDHAWKSFEATHER BLANKS,
and PHOENIX CAVALIER,

        Defendants and Appellants.

APPEAL FROM:    District Court of the Fourteenth Judicial District,
                  In and For the County of Musselshell, Cause No. DV 08-63
                  Honorable Randal I. Spaulding, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                Phoenix R. Cavalier (self-represented), Seattle, Washington
                Redhawksfeather Blanks (self-represented), Roundup, Montana

        For Appellees:

                Robert W. Snively, Attorney at Law, Hardin, Montana

                            Submitted on Briefs:  October 10, 2012

                                   Decided:  November 8, 2012

Filed:

            _____
                         Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellants Phoenix Cavalier and Redhawksfeather Blanks (collectively Appellants) appeal from the judgment entered by the Fourteenth Judicial District Court on April 13, 2012. We affirm.

¶3 We set forth the procedural and factual background for this matter in *Osman v. Cavalier*, 2011 MT 60, 360 Mont. 17, 251 P.3d 686. We determined first that the record supported the District Court's conclusion that Osman and Krone possessed valid easements across appellants' property. *Osman*, ¶ 8. We vacated, however, the District Court's award of punitive damages to appellees Osman and Krone in the amount of their attorney's fees based upon appellants' alleged malicious conduct. *Osman*, ¶ 16.

¶4 Upon remand, the District Court correctly observed that it previously had entered findings of fact and conclusions of law on February 3, 2010, but that it had not ever entered a final judgment or order. The District Court corrected this omission when it entered a judgment on April 13, 2012. The judgment enshrined the court's findings of fact and conclusions of law previously entered on February 3, 2010, regarding the fact that Osman and Krone enjoyed a valid enforceable easement for ingress and egress over Appellants' property on what is known as Bannack Lane. The judgment permanently enjoined Appellants from interfering with Osman's and Krone's peaceful use and enjoyment of the

2

easement and provided Osman and Krone with the right to repair and maintain the existing roadway within the 60-foot easement. Osman and Krone filed a notice of entry of judgment on April 19, 2012. Appellants timely appeal.

¶5 Appellants proceed pro se on appeal. Cavalier alleges an insufficiency of service upon one of the Appellants with respect to an order to show-cause on a contempt matter. The court dismissed the show-cause order thereby rendering moot any deficiency of service. Cavalier next argues that the District Court improperly seized "Mr. Cavalier's personal privet [sic] property with no jurisdiction in a contempt hearing, for plaintiffs unlawfully in a nunc pro tunc document." Cavalier fails to support this argument with any authority. As we previously have stated, we will not consider unsupported issues or argument. *Griffith v. Butte School Dist. No. 1*, 2010 MT 246, ¶ 42, 358 Mont. 193, 244 P.3d 321.

¶6 It is manifest on the face of the record and the briefs before us that the District Court properly exercised jurisdiction over the persons and property at issue, that substantial evidence supports the District Court's findings, and that the District Court correctly applied the law.

¶7 Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ PATRICIA COTTER