DA 13-0389

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2014 MT 32N

ZACHARY DURNAM and STEPHANIE
DURNAM for the Estate of ZACHARY DURNAM,

      Plaintiffs and Appellants,

  v.

BANK OF AMERICA N.A.; BAC HOME LOANS
SERVICING LP f/k/a COUNTRYWIDE HOME
LOANS SERVICING LP; THE BANK OF NEW YORK
MELLON f/k/a THE BANK OF NEW YORK AS
TRUSTEES FOR THE CERTIFICATE HOLDERS OF
THE CWABS INC. ASSET BACKED CERTIFICATES
SERIES 2006-15; RECONTRUST COMPANY N.A.;
[MERS] MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV-11-917C
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Zachary Durnam, Stephanie Durnam, self-represented; Belgrade, Montana

      For Appellees:

          Charles K. Smith; Poore, Roth & Robinson, P.C.; Butte, Montana
(for Mortgage Electronic Registration Systems, Inc.)

          Danielle A.R. Coffman; Crowley Fleck PLLP; Kalispell, Montana

Submitted on Briefs:  January 15, 2014
Decided:  February 4, 2014

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Zachary and Stephanie Durnam (Durnams), proceeding as unrepresented parties, filed an action in the Eighteenth Judicial District Court, Gallatin County, alleging various claims to halt a nonjudicial foreclosure sale of their property. Defendants filed a Motion to Dismiss for failure to state a claim under M. R. Civ. P. 12(b)(6). The District Court granted Defendants' motion, and Durnams timely appealed.

¶3 On or about July 19, 2006, Durnams borrowed $360,000 from Countrywide Home Loans, Inc. The promissory note for this loan states: "I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" The Note was secured by a deed of trust (DOT) on Durnams' property. The DOT was entered pursuant to the Small Tract Financing Act (STFA), named Mortgage Electronic Registration Systems, Inc. (MERS) as beneficiary, and was recorded on August 7, 2006. The DOT also provides that the Note and DOT may be "sold one or more times without notice to Borrower."

3

¶4 On or about May 31, 2011, MERS transferred the beneficial interest in the DOT and Note, assigning them to The Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for the Certificate holders of CWABS, Inc., Asset-Backed Certificates, Series 2006-15 (BNY). This assignment was recorded on June 1, 2011. On May 31, 2011, BNY substituted ReconTrust Company, N.A. (ReconTrust) as successor trustee for the DOT. This substitution was also recorded on June 1, 2011.

¶5 On June 1, 2011, ReconTrust recorded a Notice of Trustee's Sale, indicating that Durnams had been in default on their payment obligations since August, 2010. On September 26, 2011, Durnams filed a Complaint in District Court raising "Invalid Foreclosure," "Invalid Affidavit," "Lack of Standing," and "Fraud and Unjust Enrichment." Durnams also alleged that Defendants had failed to respond to a Qualified Written Request under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et. seq.* (RESPA). The Durnams did not claim they were not in default, but rather presented blanket assertions that Defendants "do not have the authority to institute the foreclosure" and are "not the legal owner[s] of the Note, which is the subject of this foreclosure." That same day, Durnams filed a Notice of *Lis Pendens* in the Gallatin County Clerk and Recorder's Office. However, Durnams did not have the court issue summonses and did not have the complaint served on any party.

¶6 A second Notice of Trustee's Sale was recorded on December 16, 2011. ReconTrust then filed a Cancellation of Trustee's Sale on April 2, 2012. Despite not having been served for nearly one year, Defendants, through Attorney Charles K. Smith (Smith), filed a Motion to Dismiss in District Court. Rather than opposing the motion,

4

Durnams filed a Motion to Dismiss Defendants' Motion to Dismiss, contending that Defendants failed to enter evidence, prove the standards for dismissal under M. R. Civ. P. 56, or state a claim for which relief could be granted. In their supporting Brief, Durnams argued that (1) Smith failed to present evidence in the form of affidavits that he was authorized to speak on behalf of Defendants, (2) Defendants had not presented any evidence that they were entitled to foreclose, and (3) Defendants were not permitted to file any motion to dismiss in the action as Durnams had not yet served process on any of them and had three years to do so under M. R. Civ. P. 4(t).

¶7 The District Court granted the Defendants' motion, holding that Durnams did not state any factual allegations to support their conclusory claims for "Invalid Foreclosure," "Invalid Affidavit," or "Lack of Standing," nor did they present any facts to refute the documents granting ReconTrust, as successor trustee, power to foreclose nonjudicially in the event of default. The District Court noted that Durnams "are not basing their claims on their payment of the mortgage, but rather hope to find some defect in the transfers among lenders which they contend will void their promise to repay." It further dismissed their claim under RESPA, holding that Durnams "failed to plead plausible facts demonstrating the alleged correspondence [a 14-page letter demanding a complete audit of their account along with 142 other enumerated demands] constituted a qualified written request" and "failed to allege facts demonstrating the purported failure to respond caused [their] damages." Finally, the court held that Durnams failed to allege any of the elements of fraud.

5

¶8 On appeal, Durnams raise the following issues: (1) whether the District Court erred in dismissing their complaint, (2) whether the District Court erred in dismissing the case before it could properly be deemed "open," (3) whether the District Court prematurely ruled out fraud and unjust enrichment, and (4) whether Smith properly appeared in the case.

¶9 The District Court's determination that a plaintiff's complaint failed to state a claim for which relief could be granted is a conclusion of law, which we review for correctness. *Boreen v. Christensen*, 267 Mont. 405, 408, 884 P.2d 761, 762 (1994). A complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. "In considering the motion, the complaint is construed in the light most favorable to the plaintiff, and all allegations of fact contained therein are taken as true." *Finstad v. W.R. Grace & Co.-Conn.*, 2000 MT 228, ¶ 24, 301 Mont. 240, 8 P.3d 778 (citing *Boreen*, 267 Mont. at 408, 884 P.2d at 762).

¶10 With regards to the first issue, Durnams allege that they never consented to their mortgage being sold as a "mortgage backed security instrument," and by doing so the original lender breached a fiduciary duty to them, precluding foreclosure. Additionally, Durnams argue that as the original Servicer of the Note was paid by the subsequent Servicer (through the purchase of the Note and DOT), the loan has actually been paid at least in part and these amounts should be credited toward their debt. Durnams also allege that material issues of disputed fact exist which require a trial by jury of Durnams' claims.

6

¶11 As the District Court found, the Note and DOT in this case expressly allow for sale "one or more times without prior notice to Borrower." Nothing in the documents requires that Durnams, as borrowers, approve of the entity buying the Note prior to its sale. Additionally, Durnams have presented no authority or argument as to why the purchase price of the Note between beneficiaries should be credited toward the debt remaining owing on their own obligation. No disputed issue of facts exists regarding these issues, as under a 12(b)(6) motion, all well-pleaded allegations by Durnams are taken as true.

¶12 On the second issue, Durnams assert the District Court lacked authority to dismiss the case for two reasons. First, they argue that because they had not yet served any of the named Defendants, the case was not yet "open." Second, they argue that by failing to file a notice of appearance, the Defendants were not properly in the case and the court could not entertain the motion to dismiss. However, despite arguing that because the case was not yet "open," Durnams allege, without any facts, that Defendants displayed a "quite obvious," unjustified "disregard for observing the time limits established by the Rules of Civil Procedure. . . . The record shows excessive delays of [Defendants]." Durnams allege that Defendants' failure to file an Answer before their complaint was dismissed resulted in a denial of due process.

¶13 The District Court properly exercised jurisdiction in hearing the motion to dismiss in the case as it was clearly open. "A civil action is commenced by filing a complaint with the court." M. R. Civ. P. 3. Though Durnams failed to have summonses issued or serve the complaint on any party, they filed the complaint in District Court and took

7

advantage of the pending case by filing a Notice of *Lis Pendens* to halt the foreclosure sale. The Durnams cannot have it both ways. Additionally, the Defendants properly appeared before the court voluntarily through the filing of their motion to dismiss. Durnams cannot preclude a party from voluntarily appearing in a case by simply not serving it. It is well established that a defendant may voluntarily appear in a case before being served, and such voluntary appearance waives the necessity of service. *MacPheat v. Schauf*, 1998 MT 250, ¶ 9, 291 Mont. 182, 969 P.2d 265; § 25-3-401, MCA, ("[a] defendant appears in an action when the defendant answers, *files a motion*, or gives the plaintiff written notice of appearance . . . ." Emphasis added.). Finally, Defendants were not only entitled to file the motion before filing an Answer, but were required to do so by the rules. M. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading . . . .").

¶14 Durnams' other claimed issues in this case were likewise correctly interpreted by the District Court. The nonjudicial foreclosure process under the STFA cannot be halted simply by filing unsupported, conclusory allegations in the District Court with a demand that the foreclosing party prove its right to foreclose. The court system also cannot be used as a vehicle to allow a defaulting homeowner to remain in the home while delaying service of process. Further, to invoke the power of the courts, a plaintiff must allege facts upon which relief could be granted rather than claiming that such facts "may" exist.

¶15 We recognize that our holding in *Pilgeram v. GreenPoint Mortg. Funding, Inc.*, 2013 MT 354, 373 Mont. 1, 313 P.3d 839, may have had some bearing on issues that could have been raised in this case. However, we cannot consider an issue not raised by

the party. It is the obligation of the appellant to raise the issues it wishes this Court to address on appeal. M. R. App. P. 12(1)(b). Additionally, the appellant must present an argument on each issue, along with citations to the authorities, statutes, and pages of the record relied on. M. R. App. P. 12(1)(f). We have repeatedly held that it is not this Court's obligation to "conduct legal research on a party's behalf, to guess as to a party's precise position, or to develop legal analysis that may lend support to that position." *Osman v. Cavalier*, 2011 MT 60, ¶ 8, 360 Mont. 17, 251 P.3d 686 (citation omitted). In this case, Durnams not only failed to properly raise the issue of whether MERS was a valid beneficiary, but expressly argued that "[w]hether MERS was a proper beneficiary was irrelevant," essentially waiving the issue.

¶16   We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues raised on appeal in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted. Issues not properly preserved or raised by an appellant are not considered on appeal.

¶17   Affirmed.

/S/ JIM RICE

We concur:

/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT